### Minet Sims v. The State.

No. 2980. Decided January 28, 1914.

**1.—Theft of Horse—Sufficiency of the Evidence.**

Where, upon trial of theft of a horse, the evidence was sufficient to sustain the conviction, there was no error on that ground.

**2.—Same—Evidence—Conversation—Explanation.**

Where the State attempted to show that the defendant sold the alleged horse at less than its reasonable market value, and introduced a part of the

conversation between the defendant and the party who purchased the horse, it was reversible error not to permit the defendant to introduce the entire conversation explaining the reason why he was taking less than the reasonable market value of the horse.

### 3.—Same—Evidence—Declarations of Third Party.

Where, upon trial of theft of a horse, it developed that the party whose declarations about the alleged horse was himself under indictment for the theft of the same animal, and was, therefore, an incompetent witness, his declarations to a third party with reference thereto were hearsay and inadmissible; besides, the same character of testimony had been admitted, and there was no error.

Appeal from the District Court of Taylor. Tried below before the Hon. Thomas L. Blanton.

Appeal from the conviction of theft of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Harry Tom King* and *Cunningham & Sewell,* for appellant.—On question of refusing declarations of party from whom defendant purchased a horse: Harwell v. State, 2 S. W. Rep., 607; Herndon v. State, 18 S. W. Rep., 551.

On question of excluding conversation between defendant and purchaser: Stockman v. State, 6 S. W. Rep., 298.

On question of insufficiency of evidence: Haskew v. State, 18 Texas Crim. App., 275; Green v. State, 11 S. W. Rep., 636; Parks v. State, 16 S. W. Rep., 532; Lewis v. State, 14 S. W. Rep., 1008; Young v. State, 83 S. W. Rep., 808; Lawrence v. State, 30 S. W. Rep., 668.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Presiding Judge.—From a conviction for horse theft, with the lowest penalty assessed, appellant prosecutes this appeal.

The evidence, as shown by this record, is amply sufficient to sustain the verdict. As the case must be reversed, however, we do not discuss the evidence.

As one circumstance tending to show that the horse sold by appellant to C. E. Jacobs was stolen the State introduced evidence showing that he sold the horse to Jacobs at less than its reasonable market value. The State introduced Jacobs who testified, among other things, that before noon on the day he bought the horse, appellant came to him, told him about the horse and his wanting to sell it, and he agreed at that time to go by where appellant had the horse that day and see the horse and see if he could trade for him; that later in the same day he did go by where appellant had the horse, saw him and at that time bought the horse, which appellant then and there delivered to him and he took it on home with him; that he did not then pay appellant for the horse, but as agreed between them, because he didn't have his check book with him, appellant would come to his, the witness' house the next day and get the check in pay for the horse, which was done. By one of appel-

lant's bills he shows that in one or the other of these first interviews, the witness could not be certain which, appellant gave as a reason for taking the price he did for the horse, that he was out of feed and wanted to get the money to buy feed for his other stock. This evidence was admissible. The State had brought out a part of the conversation in the negotiations by appellant with the witness, and the appellant was entitled, under the statute, to all of the conversation or negotiations on the subject. As the State had proved as a part of its case that appellant sold the horse to the witness at less than it was worth, the appellant had the right to show that at the time he made the sale or was negotiating with the witness to effect the sale, he explained the reason why he was taking less than the reasonable market value of the horse. The court, it seems, as shown by the bill, concluded from all the testimony heard in the absence of the jury at the time, that this statement by appellant to the witness Jacobs of why he was taking less than the horse was worth did not occur until after the consummation of the sale and until the next day when the appellant went to the witness to get the check in pay for the horse. Upon a careful examination of the bill we think the court was clearly in error in his conclusion as to the time when this statement was made by appellant. The bill shows that it was made at one or the other of the conversations or negotiations between appellant and the witness as to the sale of the horse and did not occur next day when the appellant went to the witness and got the check. If, as a matter of fact, the conversation had not occurred at or before the sale of the horse and had not occurred until the next day when appellant went to get the check, the evidence would not have been admissible. But clearly we think from the bill the conversation and statement by the appellant to the witness Jacobs did not occur when he went to get the check, but at one or the other interviews and was admissible. For this error this case must be reversed.

Appellant has two other bills of exceptions. By one it is shown that he offered to prove by his witness, J. E. Hallmark, that at some subsequent day after the consummation of the sale to Jacobs of the said stolen horse, Trav Harmon, from whom appellant claimed to have gotten the horse in a trade, told the witness that he had swapped said stolen horse to appellant and how he, Harmon, had heard the horse was his; that he had lost a mare some twelve years before and that Mr. Hale told him he had found her and she had four colts and that was one of her colts.

In another bill appellant sought to prove by A. F. McWilliams that some time between January 1 and 15, 1913, said Harmon had talked with the witness about pasturing some stock in his, the witness' pasture and in the conversation he told this witness he had found the mare he had lost several years ago and she had raised four colts, and he wanted to get pasture for them, and in the conversation he told the witness who told him about the horse being his, Harmon's. The record shows that said Harmon claimed that some twelve years, more or less, before January, 1913, he had lost a mare and had not seen or heard anything about

her until this time when he was told by some person as claimed by him that this old mare was in a certain pasture and had four colts, and that the alleged stolen horse in this case was one of those colts. It is also shown that said Harmon was also under indictment at the time of this trial for the theft of said horse; that neither of these conversations of the respective witnesses with said Harmon was in the presence or hearing of the appellant. The court, upon the objection of the State to this tendered evidence, sustained the objection and would not permit the witness to testify to these conversations with Harmon. This testimony was inadmissible and the court correctly excluded it. Harmon himself could not testify in this case. Neither could his hearsay testimony be introduced. This offered testimony was clearly hearsay. The court had correctly permitted the appellant to prove by other witnesses the same character of testimony which occurred in the presence and hearing of the appellant. This was permissible but the testimony tendered was not permissible.

For the error above pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*