## NEEDHAM DAVIS v. THE STATE.

No. 4593.   Decided October 10, 1917.

**Assault With Intent to Murder—Declaration by Defendant.**

Where, upon trial of assault with intent to murder, part of defendant's declaration as to how he committed .the offense was introduced in evidence by the State, the defendant should have been permitted to introduce the balance of his declaration, showing exculpatory facts which would have raised the issue of self-defense, which was not submitted to the jury.  Following Sims v. State, 163 S. W. Rep., 79, and other cases.

Appeal from the District Court of Hamilton.   Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of assault with intent to murder; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*A. R. Eidson,* for appellant.—On question of declarations of defendant: Turner v. State, 75 Texas Crim. Rep., 325, 170 S. W. Rep., 1096; Sunday v. State, 77 Texas Crim. Rep., 26, 177 S. W. Rep., 97; Pettis v. State, 68 Texas Crim. Rep., 221, 150 S. W. Rep., 790; Wyres v. State, 74 Texas Crim. Rep., 28, 166 S. W. Rep., 1150; Greene v. State, 17 Texas Crim. App., 395, and case cited in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited Branch's Penal Code, secs. 91 and 92.

MORROW, JUDGE.—Appellant was charged and convicted of assault with intent to murder.

The evidence discloses that appellant wounded Vol Howard with a knife.   One of the State's witnesses testified that the next morning after the fight appellant came to see the witness, who was county attorney.   The witness said: "Davis showed me the knife that he said he cut Howard with.   Mr. Lemons, the sheriff, also saw the knife and heard him say it was the one he cut Howard with.   The blade that Davis said he used was very sharp. . . .   Davis made the remark that it was a home-made blade that his brother made for him there in the shop."   This witness stated that the appellant at the same time that he made the statement about the knife, made a statement about the difficulty; that it was all the same statement; that it was written down and given to the district attorney, but it did not appear whether it was signed by appellant or not.   Appellant offered to prove the balance of the statement or conversation.   There occurred therein exculpatory facts and facts raising the issue of self-defense.   Complaint is made of the refusal of the court to admit this proffered testimony. Appellant did not testify in the case and the issue of self-defense was not submitted to the jury.

Punishment was assessed at three years confinement in the peniten-

tiary. Art. 811, Vernon's C. C. P., p. 759, is as follows: "When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as, when a letter is read, all other letters on the same subject between the same parties may be given. And when a detailed act, declaration, conversation, or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence."

Under the statute, as construed by the decisions of this court, we think the appellant was entitled to make the proof which was excluded. Sims v. State, 72 Texas Crim. Rep., 621, 163 S. W. Rep., 79, and other cases listed in Vernon's C. C. P., p. 759; Branch's Ann. P. C., p. 58.

The error in excluding the testimony mentioned requires that the case be reversed and remanded, which is accordingly ordered.

*Reversed and remanded.*