BOB PAYNE v. THE STATE.

No. 5295.   Decided May 14, 1919.

1.—Burglary—Evidence—Other Offenses.

Upon trial of burglary where the State's witness, who was an accomplice, denied that a certain party was with him on the night of the burglary but admitted that seven other indictments for felony all committed on the same night, except one, were pending against him, the State should not have been permitted to ask this witness if there was not another party with him on that night assisting him in these various burglaries, not naming the defendant but including him by inference.

2.—Same—Evidence—Declarations by Third Parties.

Upon trial of burglary the court should not have admitted in evidence declarations of the wife of the defendant and her sister made to the said accomplice in the absence of the defendant, to the effect that they requested said witness to run away so that the defendant might come clear.

Appeal from the District Court of Hale. Tried below before the Hon. R. C. Joiner.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. W. Kirk*, for appellant.—On question of other crimes; Newman v. State, 58 Texas Crim. Rep., 248, 125 S. W. Rep., 28 id,; Owen v. State, 58 Texas Crim. Rep., 261, 125 S. W. Rep., 405.

*E. A. Berry*, Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, his punishment being assessed at two years confinement in the penitentiary.

A sufficient statement of the main facts is embraced in the former appeal, which will be found reported in 83 Texas Crim. Rep., 287. The case briefly stated is, the accomplice Williamson testified for the State to a burglary committed by himself and the defendant. Appellant's testimony was alibi. On cross-examination of the accomplice Williamson, appellant sought to discredit him by showing through the witness himself that he had married the daughter of a man named Smith; that some of the property taken from the alleged burglarized house was found in Smith's house or cellar. The purpose of this cross-examination was to show by the circumstances attending the relationship of Smith and Williamson, the use of Smith's

wagon on the night of the burglary, the fact that property was found in Smith's possession, or in his cellar, that the witness and Smith committed the burglary, and that defendant was not connected with it. This character of investigation was evidently for the purpose among other things, of strengthening his alibi. In this same connection and during this cross-examination, the witness was asked if he had not been indicted in seven other felonies, all of them committed the same night except one. The witness denied that Smith was with him on the night of the burglary, but did admit that these indictments were pending. The State on re-direct, among other things, asked the witness if there was not another party with him on the night of and assisting him in these various burglaries. The bill also shows that witness had testified that appellant was with him and committed the burglary set out in the indictment. The appellant's objection was that these facts being shown, and in this condition of the bill, that it was inadmissible to go into an examination of the circumstances attending the other cases. This was based also to some extent on the fact that he only asked the witness with reference to the indictments as a means of impeachment, and this being true, that this should have ended the matter. We are of opinion upon another trial if this matter should be investigated, that appellant's position is correct. The witness had denied that Smith was with him, and admitted that he had been indicted in the other cases. This was introduced to show appellant was with the accomplice in the other felonies. We think the authorities sustain appellant in his contention, and that the court should not have permitted this character of examination by the State. Had the confession of Williamson to the county attorney included the defendant, it would be permissible to show inasmuch as defendant introduced that matter.

Another bill of exception shows that while the accomplice Williamson was on cross-examination he was questioned with reference to the officers going to and searching his residence for property supposed to have been taken from the alleged burglarized house. Among other things, he stated substantially that he had escaped from the alleged burglarized house. Among other things, he stated substantially that he had escaped from the officers when they went to his house by jumping out of a window, and that in leaving his house he went to the residence of appellant; that appellant's wife and her sister and Simpson were there; that a conversation ensued, and he was asked what he said during the conversation. He replied: "I don't remember what I did say." He was then asked, "What did they say?" He said: " I think they asked me if my house had been searched. Q. What did you tell them? A. I told them that the officers were there. Q. Then what did you do. How long did you stay there? A. . . . I couldn't say just how long, quite a

little bit." The State was then permitted to elicit from him that while he was there appellant's wife and her sister told him that appellant's house had been searched and the searching party had gotten the meat they had stolen, and the wife and her sister requested him to run off so that everything would be "laid on the witness" and defendant "would come clear;" that appellant's wife's sister went and brought witness' wife who objected to his running off. This latter expression seems to have been excluded, though the bill is not right clear upon that question. The remainder of the above conversation remained before the jury. We are of opinion appellant's objection should have been sustained as to what appellant's wife and his sister-in-law said to witness in regard to the witness running away to the end that defendant might come clear. This was said in appellant's absence and not shown in any way, directly or indirectly, to have been instigated by him. In fact, the bill shows this was a voluntary statement or request on their part, if made, without the knowledge or consent of appellant. This was not germane to what defendant asked of the witness, nor explanatory of what was brought out by the defendant. The bill does show that the defendant asked the accomplice what they said, referring to defendant's wife and her sister-in-law. His reply being, "I think they asked me if my house had been searched, and I told them the officers were there." It is a familiar rule, and fixed by statute, that where part of a conversation is brought out, and the remaining portion of the conversation is necessary to make the preceding part of the conversation clear, or that it might be explanatory of the preceding part of the conversation, it would be admissible. This redirect examination by the State does not seem to fall within that rule. Appellant had asked nothing that led to the statement either of his wife or his sister-in-law that they desired that the witness should flee the country. It was in no way chargeable to him under the bill of exceptions. It was very damaging testimony, and of a criminative tendency. If appellant had sent his wife or her sister, either or both, to the witness to induce him to leave, or had suggested to them to induce him to leave. it would be a fact against him and admissible, but this bill not only fails to connect him with it, but shows that he knew nothing about it, was not present, and in no way a party to it. It was not germane to that brought out by the defendant from the wife or her sister. We think this was of such an erroneous nature that this judgment should not be permitted to stand; therefore, it is reversed and the cause remanded.

*Reversed and remanded.*