## Jess Holder v. The State.

### No. 7921.    Decided February 20, 1924.

**1.—Selling Intoxicating Liquor—Impeaching Witness—Bills of Exception— Bystander's Bill.**

This court is unable to discern any substantial conflict between the bills of exception, prepared by the court and the bystanders' bills and both are considered in the instant case, and it is held that the defendant should have been permitted to have brought out the entire conversation of the witness Goldsmith with reference to the impeachment of the witness Bruton, and the judgment is reversed and the cause remanded.

**2.—Same—Bills of Exception—Rule Stated—Bystander's Bill.**

The effect of article 846 C. C. P., is not to be understood that a bystander's bill is not available save as to matters not taken down by the court reporter and that his transcribed notes control. The article permits notes in narrative form relating to a disputed point in the testimony of a witness, but the enactment of that article does not repeal the statute pertaining to bystander's bill.

**3.—Same—Bills of Exception—Practice in Trial Court.**

When appellant prepared his bills for inspection and presented them to the trial court, if they did not properly reflect the record, it was the duty of

the court to refuse to certify them and also to prepare and file with the clerk bills of exception properly presenting the action and ruling of the court. However, the court had no right to qualify the bills prepared by the defendant without his consent, and when he is not satisfied he may then resort to a bystander's bill.

**4.—Same—Conversation—Evidence—Rule Stated.**

Under the statute when part of an act declaration, or conversation is given in evidence by one party the whole on the same subject may be inquired into by the other, and when the State on cross-examination proved that the witness Goldsmith had been told by the witness Bruton that he had turned appellant in to the grand jury at a previous term of the court the State opened the way for proof by Goldsmith of all that was said to him by Bruton, on the same subject.

**5.—Same—Details of Transportation.**

Where objection was made to testimony upon the ground that it was going into unauthorized details touching the offense, the same should have been sustained.

Appeal from the District Court of Hopkins. Tried below before the Honorable Geo. B. Hall.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Dial, Melson, Davidson & Brim,* for appellant.—On question of by-stander's bill: Moore v. State, 226 S. W. Rep., 417; Hunt v. State, 229 id., 869; Cunningham v. State, 236 id., 88, and other cases cited in opinion.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The indictment was filed on the 26th of January and lays the date of the offense as of the 20th of that month. The State for proof of its case, relied solely upon the testimony of Ben Bruton to the effect that the appellant, on the date mentioned, had sold to the witness a pint of whisky. Appellant testified and denied the transaction. On cross-examination he admitted that about a year and a half before he had been charged with transporting intoxicating liquor; also that there was pending against him another indictment, which was returned at the previous term of court, charging him with the sale of intoxicating liquor to Bruton. On re-direct examination, appellant asserted that upon his demand for a trial in the transportation case, it was dismissed; that the two indictments for selling liquor pending

against him were both upon the testimony of Bruton; that he had not made the sale in either case; that he had demanded and was refused a trial in the case first upon the docket.

Three bills of exception are found in the record. The court adjourned on the 3rd of March. The bills of exception were presented in due time and filed on April 2nd. It seems that the bills were not returned to the appellant but handed to the clerk by the judge, and that appellant, on learning of the qualification, did not accept it but made a motion to withdraw the bills from the record. The court refused this request and explained his action by stating in substance that his qualification was merely explanatory of the bills embodying the stenographer's notes upon the point in controversy, as authorized by Art. 846, C. C. P., and directed the clerk to file no further papers unless by permission of the court.

Appellant presented two bystander's bills to the clerk. Thereafter the judge prepared bills in lieu of those prepared by the appellant and qualified, as above stated, and to the bills thus prepared the judge attached the transcribed notes of the stenographer. The original bystander's bills are presented and appear to be in full compliance with the statute, and are supported by the affidavits of three bystanders. We are unable to discern any substantial conflict between the bills last prepared by the court and the bystander's bills. The learned trial judge appears to be under the impression that a bystander's bill is not available save as to matters not taken down by the court reporter in the discharge of his official duties, but that in such case, his transcribed notes control. The effect of Article 846, supra, is not so undersood. That article permits notes in narrative form relating to a disputed point in the testimony of a witness, but the enactment of that article does not repeal the statute pertaining to bystander's bills. When the appellant prepared his bills of exception and presented them to the court, if they did not properly reflect the record, it was the duty of the court to refuse to certify them and also to prepare and file with the clerk bills properly presenting the action and ruling of the court. Vernon's Sayle's Civ. Stat., Vol. 2, Sec. 206; Thomas v. State, 83 Texas Crim. Rep., 325; Exon v. State, 33 Texas Crim. Rep., 461. The court had, however, no right to qualify the bills prepared by the appellant without his consent. Exon v. State, 33 Texas Crim. Rep., 461; Shaw v. State, 89 Texas Crim. Rep., 208; Rosa v. State, 86 Texas Crim. Rep., 646, and numerous other cases collated in Shepard's Notes on Texas Citations, following the Exon case, supra.

When a bill of exceptions prepared and filed by the court is not satisfactory to the appellant, he may then resort to a bystander's bill as provided by Art. 2067, R. S. In the present instance, the bills of exception which were prepared by the appellant and qualified

by the trial judge over the objection of the appellant will not be considered, but the bill of exceptions prepared by the court will be considered in connection with the bystander's bills presented by the appellant.

From the bill of exceptions prepared by the court and the bystander's bill, it is understood that on Bruton's testimony there had been found against the appellant two indictment for selling liquor. One of these indictments was found at the January term of court, 1923; the other at the August term, 1922. While Bruton was on cross-examination, appellant asked him if it was not a fact that he had said to the witness Goldsmith:

"I have just been before the grand jury and I turned in Jess Holder, and I oughtn't to have done it, but that was the only way I had of getting even with him and Stubblefield for getting my mule."

Bruton denied making this remark. Goldsmith was called by appellant as an impeaching witness and testified that in substance, Bruton had made the statement to him. As we understand the bill, this conversation related to Bruton's appearance before the grand jury in January, 1923. State's counsel then asked Goldsmith on cross-examination relative to a conversation Bruton had had with him relative to his appearance before the grand jury in August, 1922, and had Goldsmith testify that in the conversation relating to his appearance before that grand jury Bruton had not said anything about any mules in connection with appellant. When Goldsmith was turned back to appellant for re-direct examination, he was asked to state what Bruton did tell him relative to Holder in connection with Bruton's appearance before the grand jury in 1922. The State objected upon the ground that the matter then inquired about by appellant was not embraced in the predicate laid for the impeachment of Bruton, which objection was sustained. If the witness Goldsmith had been permitted to answer, he would have said that Bruton told him in that conversation "that he turned Jess Holder in to save himself because the grand jury had him in a tight." The question here presented it. Was it necessary to lay a predicate under the circumstances in order to introduce the expected answer of Goldsmith? It is contended by counsel for appellant that no predicate was necessary for the reason that the predicate and inquiry by appellant's counsel in the direct examination of Goldsmith was as to a conversation with Bruton relative to the indictment returned at the January term, 1923, and that the cross-examination by the State introduced the subject of a conversation between Bruton and Goldsmith relative to the previous indictment found in August, 1922. The subject of Bruton's declarations to Goldsmith touching the reasons for Bruton's appearance before the grand jury relative to Holder at the August

term, 1922, having been opened by the State in its cross-examination of Goldsmith, it would seem that all that 'was said upon that subject in the same conversation would become relevant under Article 811, C. C. P. In that article it is said: "When part of an act, declaration, or conversation is given in evidence by one party, the whole on the same subject may be inquired into by the other." When the State, on cross-examination, proved that Goldsmith had been told by Bruton that he had turned appellant in to the grand jury at the previous August term of court in 1922, and that in that conversation he had not mentioned "mules," the State opened the way for proof by Goldsmith of all that was said to him by Bruton on the same subject in the same conversation. Interpretations of the statute in accord with this view will be found in numerous opinions of this court collated in Vernon's Crim. Stat., Vol. 2, p. 759; also in Branch's Ann. Tex. P. C., Sec. 91. See Davis v. State, 81 Texas Crim. Rep., 625; Ford v. State, 82 Texas Crim. Rep., 639; Burnet v. State, 83 Texas Crim. Rep., 97; Morgan v. State, 82 Texas Crim. Rep., 615; Payne v. State, 85 Texas Crim. Rep., 288; Flores v. State, 88 Texas Crim. Rep., 349.

Appellant denied the criminal act which the State proved alone by the witness Bruton. To discredit the appellant, the fact that he was under indictment for selling intoxicating liquor was proved. It was shown that the present indictment and the former indictment were gotten upon the testimony of Bruton alone. The impeaching testimony given by Goldsmith to the effect that the indictment under which the appellant was on trial was secured by Bruton out of revenge against the appellant and Stubblefield having been introduced by the appellant to discredit Bruton, it was the State's effort to support him by showing that his instrumentality in getting the former indictment was not from a bad motive. It was relevant and important to the appellant to introduce the declaration of Bruton to the effect that he had gotten the former indictment to protect himself. This declaration was valuable to the appellant not only in showing the animus of Bruton in testifying against him in the present trial, but to combat the effect of the previous indictment which the State had introduced to impeach the accused. Under the statute, as above stated, the testimony was admissible and, in our judgment, its exclusion was harmful.

An exception was taken to proving the details with reference to the transportation of liquor. While appellant was on the stand, he admitted that he had been charged with the offense of transporting liquor a year and a half before the present trial. The following colloquy occurred between State's counsel and the appellant:

Q. Bringing some liquor from Mt. Pleasant in a car with some women?

A. Yes, sir.

Q. Carried the liquor out to Mahoney, didn't you?

Objection was urged to this upon the ground that it was going into unauthorized details touching the offense. This was not proper but probably harmless. On another trial, however, it should be omitted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*