Jose Flores v. The State.

No. 6044.   Decided January 12, 1921.

1.—Assault to Rob—Election by State—Indictment.

Where the indictment, in addition to the count charging an assault with intent to rob, contained one charging an assault with intent to murder, and it was doubtful whether the case was one in which an election by the State would be required, but this was, nevertheless, done and the State prosecuted upon the charge of assault with intent to rob, this was sufficient.  Following Moore v. State, 37 Texas Crim. Rep., 552, and other cases.

2.—Same—Evidence—Part of Transaction—Rebuttal.

Where defendant brought out on cross-examination of State's witness that the assault was made not for robbery but for another purpose, and also with reference to another offense, to-wit, that of burglary, there was no

error in permitting the State to show that, pending said latter offense, a hole was dug underneath the front door of prosecutor and that it was not large enough to admit the entrance of anyone other than a boy, or a small man, by virtue of the statutory rule permitting the introduction of parts of the same act, declaration or transaction.

### 3.—Same—Evidence—Remarks by Judge—Rule Stated.

Where the trial judge, in ruling on an objection to the answer to defendant's question, stated that he thought the evidence inadmissible, etc., but added that he would permit the inquiry, but the record showed that it was not calculated, under the facts of the instant case to prejudice the case of defendant, there was no reversible error. Following Pilgrim v. State, 59 Texas Crim. Rep., 234, and other cases.

### 4.—Same—Evidence—Contradicting Witness—Rebuttal.

Where defendant admitted that he had fired his pistol while in the store of prosecutor; that he cut open the grip therein for the purpose of disarming prosecutor, and claimed that the shots were fired in self-defense, there was no error in permitting the State to introduce the defendant's written confession in which he stated that prosecutor had threatened the life of defendant's father, etc., and that he went to the store to kill him, as these statements conflicted with his testimony upon trial.

### 5.—Same—Charge of Court—Requested Charges—Intent.

Where, upon trial of assault to rob, the court's charge submitted to the jury the law applicable to the facts with reference to the intent to rob, and the same was specific to a degree that precluded the necessity of giving requested charges upon the subject, there was no reversible error.

### 6.—Same—Age of Defendant.

The Trial Courts ruling upon defendant's age was a question for the Court and binding upon this court.

Appeal from the District Court of Falls. Tried below before the Honorable Prentice Oltorf.

Appeal from a conviction of assault to rob; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Nat Llewellyn,* for appellant.—On question of remarks by court: Kirk v. State, 35 Texas, 230.

On question of showing other transactions: Buck v. State, 83 S. W. Rep., 390.

*Alvin M.. Owsley,* Assistant Attorney General, for the State.—On question of election by State: Blackwell v. State, 100 S. W. Rep., 774; Simms v. State, 10 Texas Crim. App., 159; Dalton v. State, 4 id., 335.

On question of showing other transactions: Brown v. State, 177 S. W. Rep., 1161.

MORROW, Judge.—The appellant was sentenced to confinement in the penitentiary for two years upon the conviction of assault with intent to rob.

The fact that the appellant went to the country store of McDouell, the alleged injured party, and made an assault upon him, discharging a pistol several times, is conceded. The controversy touching the facts arises about the motive which inspired the assault and the incidents attending it.

Appellant's testimony presents several theories, all of them being opposed to the theory that the motive was robbery. From the appellant's testimony either of several inferences is deducible:

First. That his object was to kill McDouell.

Second. That his object was to obtain a pistol which was in the possession of McDouell, his reason for this being that McDouell had threatened to kill the father of appellant or to kill the appellant, and that it was his desire to disarm him.

Third. That his presence was with an innocent purpose, but that he was attacked by McDouell on account of preexisting grudge, and that in this attack McDouell used a knife, and appellant acted in self-defense.

From the State's theory, McDouell kept his money in a certain grip or satchel, which was in his place of business; that this was known to the appellant, and that he fired upon McDouell for the purpose of either killing or intimidating him so that the money might be obtained. In support of this theory, it was shown, without dispute, that the appellant cut the satchel open and put his hand in it but did not remove the money, his explanation being that he sought the pistol.

Whether the appellant was under or over the age of seventeen years was a question submitted to the court for decision upon evidence which is conflicting. The trial court's decision, based upon sufficient evidence, is binding upon this court. Jefferson v. State, 85 Texas Crim. Rep., 614; Linthecum v. State, 85 Texas Crim. Rep., 247, 211 S. W., 456.

The indictment, in addition to the count charging an assault with intent to rob, contained one charging an assault with intent to murder. Allegations and the two counts related to a single transaction and but one count was submitted to the jury. It is doubtful whether the case is one in which an election would be required. Keeler v. State, 15 Texas Crim. App., 111; Robinson v. State, 56 Texas Crim. Rep., 63; Moore v. State, 37 Texas Crim. Rep., 552; Masterson v. State, 20 Texas Crim. App., 574; Vernon's Criminal Statutes, Vol. 2, page 243, note 15, and cases cited. If the contrary were true, however, the qualification of the appellant's bill to the effect that before the appellant introduced any testimony save by cross-examination of the State's witness, an election was required and made by the State to prosecute upon the charge of assault with intent to rob, would meet and overcome appellant's complaint of failure of the court to require an election. Moore v. State, 37 Texas Crim. Rep., 552; Mueller v. State, 69 Texas Crim. Rep., 158, 153 S. W., 1142; Smith v. State, 34 Texas Crim. Rep., 123.

The State opened its case with the testimony of the injured party, McDouell. On cross-examination by appellant, it was proved by the witness that he had on a former occasion accused the appellant of burglarizing his store and had had him arrested and his house searched, but that he was discharged because of want of sufficient evidence to convict him. The appellant introduced the testimony of Bresnaham to the effect that when he arrested the appellant for the assault in question, he was told by the appellant that he intended to kill McDouell; that he said: "I don't want the son-of-a-bitch's money; I wanted that six-shooter he kept in there." It was also proved by the same witness that on a former occasion he had arrested the appellant upon the request of McDouell for robbing his store. In this connection the witness said: "I made an investigation, carried the boy home with me and kept him all night but found no evidence." On cross-examination, the State proved by the same witness that at the time McDouell told him of the former robbery the witness saw a place dug underneath the front door of McDouell's store, and that the hole was not large enough to admit the entrance of anyone other than a boy or a small man. This, in our opinion, did not, under the record before us, transgress the rule inhibiting the introduction of the details of other offenses. The introduction by the appellant of evidence upon the subject of the former charge of burglary and the fact that the witness in question (that had made the arrest) had made the investigation, rendered it competent for the State to have the witness disclose the character of his investigation to the extent that it was done, by virtue of a statutory rule permitting the introduction of parts of the same act, declaration or transaction to explain or make fully understood the part introduced by the adversary. Code of Criminal Procedure, Article 811; Vernon's Texas Criminal Statutes, Volume 2, page 759, and cases cited.

While the witness Bresnaham was testifying at the instance of the appellant, a question was asked him intending to develop the fact that he had investigated the charge of robbing the store, that upon a former occasion, and found no evidence to support it. The trial judge, in ruling on an objection to the answer to this question, stated that he thought the evidence inadmissible unless it could be shown that Mc-Douell was connected with the charge, but added that he would permit the inquiry, though he regarded it inadmissible. An exception was reserved to this as a violation of the statute inhibiting the comment upon the evidence admitted. In explanation of the bill, it was shown therein that, at the time the remark was made, the record was silent touching McDouell's connection with the former arrest. The court was not informed that the evidence connecting him therewith would be forthcoming; that the court's statement that he regarded the evidence as inadmissible was based upon the condition mentioned and that subsequently when McDouell's connection with the charge was developed, the admissibility of the evidence became clear, and the court so informed the jury in his charge. The statute inhibits the comment by

the trial judge upon the weight of evidence, but it is made his duty to determine whether it is admissible or not. Code of Criminal Procedure, Article 787. As presented here, we think this statute is not violated; at least, not to the prejudice of the appellant. The comment appears to have been upon the admissibility rather than upon the weight of the evidence. Conceding that it would have been better to refrain from making the remark we think, considered in connection with the remainder of the record, that it was not calculated to prejudice the case of appellant. It is remarks that may be harmful alone that justify reversal under the statute mentioned. Copeney v. State, 10 Texas Crim. App., 474; Pilgrim v. State, 59 Texas Crim. Rep., 234; Thompson v. State, 35 Texas Crim. Rep., 335; and other cases listed in Branch's Ann. Tex. Penal Code, Sec. 270.

Appellant testified in his own behalf, admitting that he had fired his pistol while in the store of McDouell, that the cut open the grip therein, and claimed that the shots were fired in self-defense, and that the grip was cut for the purpose of disarming McDouell. He also declared that he went in the store with an innocent purpose, that is, to buy some tobacco, and not for the purpose of killing McDouell, and without thought of any trouble; and that it was only when McDouell attacked him with a knife that he began firing, and then the shots were not fired at McDouell but in the opposite direction or over his head. Subsequently, the State introduced his written confession in which he said that McDouell had threatened the life of appellant's father and also threatened to kill appellant, and that he went to the store for the purpose of killing him and thought he had killed him. This confession was objected to because it supported the charge of assault with intent to murder and was not material upon the assault with intent to rob. We think it was admissible as descriptive of the assault and as contradictory to the appellant's testimony, touching the intent with which the assault was made, and as meeting his contention that he was not an aggressor; that he made no assault but that he simply defended his own life against the attack which McDouell made upon him with a butcher knife. This contention went to the vitals of the case. The State had elected to prosecute with assault with intent to rob. The court instructed the jury that if the assault was made with intent to kill and not to rob that an acquittal should result. The appellant's testimony, if believed, went to show that he made no assault to either kill or rob. The statements in his confession conflicted with this testimony and tended to discredit the defensive theory resulting from appellant's testimony.

The court, at the request of the appellant, instructed that if it was appellant's intent to obtain the pistol from McDouell's premises, or if they had a reasonable doubt that this was his intent or not, they should acquit him. In the main charge it was made clear that no conviction could result except upon finding that the assault was made with the specific intent to rob, and that if the intent was for another purpose,

though the assault was made, an acquittal must follow. The language of the court's charge was specific to a degree that precluded the necessity of giving special charges requested upon the subject.

From a careful examination of the evidence and the record, we are convinced that in the conduct of the trial, appellant's rights have been fully conserved and that no lawful ground for reversal is disclosed.

The judgment is therefore affirmed.

*Affirmed.*