# JUNE 5, 1935

## LEV BRACHEEN V. THE STATE.

No. 17554. Delivered May 8, 1935.
Rehearing Denied June 5, 1935.

The opinion states the case.

*L. D. Hartwell,* of Greenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting whisky; the punishment, confinement in the penitentiary for one year.

Officers arrested appellant while he was transporting whisky. Prior to making the arrest the officers asked appellant to stop. Instead of complying with their request, he drove away but finally stopped his car and began breaking the whisky containers.

Appellant did not testify and introduced no witnesses.

Bills of exception 1 and 2 present the following occurrence: Witnesses for the State testified that they were present at the examining trial of appellant, which was held about three hours after the arrest, and that appellant's clothes were wet and smelled "like whisky." We think this testimony was relevant and material. The proof was to the effect that appellant broke the whisky containers and that the whisky ran out in the car and got on the clothes of appellant and his companion.

Bill of exception No. 3 recites that the district attorney, in argument to the jury, referred to appellant's counsel as being " a paid, unsworn witness in the case." The bill is qualified to the effect that appellant offered no testimony but that his counsel made an argument to the jury and that in his closing argument the district attorney contended that appellant's counsel had gone outside of the record and discussed matters not introduced in evidence. The bill is further qualified to show that the trial judge immediately sustained appellant's objection to the remarks of the district attorney and instructed the jury that said remarks should not be considered for any purpose. We think the bill is without merit.

Bill of exception No. 4 recites that the district attorney, in argument, stated: "We appeal to you for the protection of the fathers, mothers and girls of this country against bootleggers." The bill is qualified to show that at the time of his arrest appellant was transporting a quantity of whisky. Again, the qualification shows that appellant's objection was sustained and the jury instructed to disregard the argument for any purpose. Under the circumstances, we think the bill fails to reflect reversible error.

We deem it unnecessary to discuss bill of exception No. 5. The judgment is affirmed.                                    *Affirmed.*

MORROW, P. J., absent.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant renews his complaint of our disposition of all the contentions made by him originally. The record has been examined in the light of appellant's motion. The State offered three witnesses, two of whom testified that they pursued appellant and his companion some distance. While fleeing appellant and his companion were observed to be breaking containers which were in their car. When appellant was presently overtaken, according to the testimony of each of the pursuers, appellant and his companion were both wet with whisky, some of which liquor was found in the broken containers and some of which was in the floor of the car. Bills of exception 1 and 2 complain of testimony, in effect, that after being arrested and taken before a magistrate for examining trial, the clothes of appellant were still wet with whisky, and that his clothes smelled like whisky. The evidence was clearly admissible.

The remaining and third bill of exceptions complains of argument, asserted by appellant to be inflammatory and prejudicial. There seems no necessity for again discussing these complaints. There was no dispute whatever over the fact that appellant was transporting whisky. The State's testimony in regard to this is plain. The lowest penalty for the offense is one year. This the jury assessed against appellant. There can be no claim, based on facts, that the argument referred to caused the jury to become inflamed or prejudiced. Their giving appellant the lowest penalty evidences the truth of this statement.

The motion for rehearing is overruled.

*Overruled.*