Ben **OLTIVEROS**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 44344.

Court of Criminal Appeals of Texas.

Dec. 21, 1971.

James A. Bannerot, Austin, for appellant.

Robert O. Smith, Dist. Atty., Phoebe Lester, Asst. Dist. Atty., and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawful possession of a narcotic drug, to-wit: heroin. The punishment was assessed by the court at 35 years.

Austin police officer Al Hersom testified that on April 3, 1970, he obtained a 1959 Pontiac automobile and picked up Willie Eaton at his residence in Austin. They went to the police pound where Eaton and the automobile were thoroughly searched. Eaton was caused to take "his britches" off and "was stripped of everything" in his pockets. Hersom determined there were no narcotics on Eaton or in the automobile. Eaton then was given $50.00 and he got into the car. Hersom got into the trunk of the car which had been altered to allow outside visibility. The two then proceeded to 2605 East 7th Street where appellant was observed by Hersom standing in front of the house. Eaton inquired of appellant if he had any "stuff". The appellant went into the house and then came back and walked toward the car holding in his hand "a little silver bundle". Because of his position in the trunk Hersom lost sight of appellant's hand when it "started up" toward the car with "a silver object". Eaton drove away and stopped shortly thereafter and handed to Hersom the object he had in his hand—"a silver object". Hersom examined the contents and found the bundle to contain a tannish powder.

The two then proceeded to the police pound where Eaton and the car were again searched. No narcotics were found in such search and Eaton no longer had the $50.00.

Officers Robert W. Jones and W. J. Taylor, of the Austin Police Department, testified that they followed the car occupied by Eaton and Officer Hersom and observed, by use of binoculars, an exchange between Eaton and the appellant.

At the time of the trial Eaton was shown to have been dead.

Appellant first contends that it was error for the trial court to refuse to submit a charge to the jury on circumstantial evidence.

We conclude that the facts proved in the instant case are of such close juxtaposition to the main fact to be proved as to be equivalent to direct testimony, and a charge on circumstantial evidence was not required. Riggins v. State, Tex.Cr.App., 468 S.W.2d 841; Hill v. State, Tex.Cr. App., 466 S.W.2d 791; Leal v. State, Tex. Cr.App., 442 S.W.2d 736; Chapin v. State, 167 Tex.Cr.R. 390, 320 S.W.2d 341.

Next, appellant contends that "there was not sufficient evidence to prove that the amount of heroin possessed was sufficient in amount to produce a narcotic effect or to be useable as a narcotic."

The record reflects that the tannish powder recovered was .99 of a gram of heroin. Joe Ronald Urbanosky, a chemist and toxicologist with the Department of Public Safety, testified that 20 to 30 capsules of heroin would normally be obtained from .99 of a gram. We perceive no error. See Alaniz v. State, Tex.Cr.App., 458 S.W.2d 813; Parson v. State, Tex.Cr.App., 432 S. W.2d 89; Tuttle v. State, Tex.Cr.App., 410 S.W.2d 780.

There being no reversible error, the judgment is affirmed.

ROBERTS, Judge (dissenting).

I respectfully dissent from the affirmance of the conviction in this cause.

Officer Hersom testified that he searched Eaton. "We stripped him of everything he had in his pockets." He further testified he has been a policeman for ten years and has searched people before and received instructions in so doing. Eaton drove him to appellant's house and he heard Eaton say, "Do you have stuff?" He did not hear the reply. He saw appellant go into the house and return to the car with a "little silver bundle" in his hand. He did not see the bundle passed to Eaton; that he searched Eaton when he returned to the police pound but there is no testimony that he examined the body openings either before going to appellant's house or after returning from appellant's house.

Officer Jones and his partner testified that they searched the car that Eaton drove. They searched everywhere that heroin is usually hidden.

They further testified that they saw an "exchange" between appellant and Eaton but do not say what was exchanged as they did not see any object. It looked like an "exchange."

The record shows that Willie Eaton is dead. There is no testimony that the packet handed by Eaton to Officer Hersom was a packet that he received from the appellant. There being no direct evidence that the packet containing the heroin was ever in possession of the appellant, the court should have charged on circumstantial evidence.

The majority herein, by the use of the magic verbage, "close juxtaposition" is destroying a well-established rule in this State. It has long been held that a charge on circumstantial evidence must be given in any criminal prosecution where: (1) any constituent element of the offense is proved by the circumstances, (2) the guilt of the accused is not testified to directly by any witness but as a matter of inference from other evidence offered. See Erisman's Manual of Reversible Errors, Sec. 435, and cases there cited.

The vital link in this case that demands a charge on circumstantial evidence is that no person has testified that the appellant handed Eaton any package or that the package delivered by Eaton to Officer Hersom was a packet that he received from the appellant. These two vital fac-

tors make a charge on circumstantial evidence mandatory.

For the reasons stated in my dissenting opinion in Riggins v. State, 468 S.W.2d 841, 843 (Tex.Crim.App.1971), I would reverse and remand.