Larry R. THUMANN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–99–00418–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 25, 2001.

Rehearing Overruled Jan. 10, 2002.

Robert Higgason, Law Office of Robert W. Higgason, Houston, for Appellant.

Dan McCrory, Asst. Dist. Atty., John B. Holmes, Houston, for State.

Panel consists of Justices COHEN, HEDGES, and TAFT.

## OPINION

MURRY B. COHEN, Justice.

A jury convicted appellant of aggregate theft of more than $100,000, but less than $200,000, and the trial judge assessed punishment at ten years probation. We affirm.

### The Murrell Theft

Appellant owned a business that bought and sold heavy equipment, and he often sold that equipment on consignment. He contacted Thomas Murrell, owner of a construction company, about purchasing equipment from a Mississippi company. Murrell agreed and purchased seventeen pieces of equipment, which appellant was to sell for a commission based on an oral agreement with Murrell. Accordingly, appellant sold 14 pieces of the equipment, retained a commission for each sale, and sent Murrell the remaining proceeds. Shipping documents indicate that appellant also sold two of Murrell's bulldozers and exported one to Guatemala and the other to El Salvador. Appellant (1) did not tell Murrell about those bulldozer sales; (2) falsely told Murrell he had just rented the equipment; (3) sent Murrell two checks,

falsely represented as being rental proceeds, for $5000 each; (4) provided Murrell with the name of a renter who did not exist; (5) lied about the equipment's location; and (6) kept the proceeds for himself.[1] Murrell denied that he was a partner or a joint venturer with appellant. He testified he owned the equipment free of any interest by appellant and had appointed appellant solely to sell for the equipment for a commission.

## The Brooks Theft

Johnny Brooks was a commercial lender for Southwest Bank of Texas. Appellant applied for a $175,000 line of credit from Brooks, and appellant pledged the equipment at his business as collateral for the loan. The loan was approved, but, as a condition of the loan contract, appellant was required to maintain sole ownership of $200,000 worth of equipment as collateral, a fact appellant misrepresented to Brooks.[2] Appellant requested advances from the line of credit and eventually had an outstanding balance of $173,000. He paid the bank $73,000 and then informed Brooks that appellant had no more collateral because all the remaining equipment at his business was on consignment. Appellant further admitted to Brooks that he never had owned the equipment pledged to the bank, an admission that was verified by documents recovered from appellant's business. The bank declared the loan in default, and appellant subsequently declared bankruptcy. At the time of trial, appellant owed the bank $135,000.

1. Appellant, however, testified that (1) he and Murrell entered into a partnership agreement, thereby making appellant a part owner of the equipment; (2) they agreed to pay the loan from the sales' proceeds and then split the remaining profits; and (3) Murrell was to pay rental fees to the partnership for his private use of that equipment. Thus, appellant testified he was entitled to retain the proceeds of

## Analysis

In his first issue, appellant contends the evidence was legally and factually insufficient to support the theft conviction. We follow the usual standards of review. *King v. State*, 29 S.W.3d 556, 563 (Tex. Crim.App.2000) (factual sufficiency); *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim.App.1996) (legal sufficiency). Appellant first contends that the evidence was insufficient to prove he was involved in a criminal matter, rather than a civil dispute with Murrell. Appellant second contends that the evidence was insufficient to prove he intended to deprive Murrell of the bulldozers.

■ Even if evidence was insufficient to prove appellant committed a theft against Murrell, appellant did not challenge the sufficiency of evidence regarding the Brooks theft, which by itself supports the judgment. The evidence is sufficient if the State shows appellant appropriated enough property to meet the aggregated value alleged. *See Eastep v. State*, 941 S.W.2d 130, 135 (Tex.Crim.App.1997); *Lehman v. State*, 792 S.W.2d 82, 84–85 (Tex.Crim.App.1990); *Cooper v. State*, 707 S.W.2d 686, 689–90 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd).

The indictment alleged:

[Appellant] . . . did then and there unlawfully, pursuant to one scheme and continuing course of conduct, appropriate by acquiring and otherwise exercising control over property, other than real property, namely, **MONEY** the bulldozers' sales as reimbursement for Murrell's private use of the partnership's equipment.

2. Appellant testified that even though he signed the loan documents, he did not know that the loan's terms prohibited him from listing equipment that he did not own.

AND/OR 2 BULLDOZERS, which property was owned by the below listed complainants, each of whom [sic] had a greater right to possession of the property than the defendant and who are hereafter referred to as the complainants, and which property had an aggregate value of **MORE THAN ONE HUNDRED THOUSAND DOLLARS BUT LESS THAN TWO HUNDRED THOUSAND DOLLARS,** with intent to deprive the complainants of the property by withholding the property permanently, or for so extended a period of time that a major portion of the value and enjoyment of the property was lost to the complainants, and without the effective consent of the complainants, **BY DECEPTION,** namely, by promising performance that was likely to affect the judgment of the complainants in the transaction which performance the defendant knew would not be performed and/or which performance the defendant did not intend to perform; **AND/OR,** by creating and/or confirming by words and/or conduct a false impression of law or fact that was likely to affect the judgment of the complainants in the transaction which the defendant did not believe to be true; **AND/OR** by failing to correct a false impression of law or fact that was likely to affect the judgment of the complainants in the transaction that the defendant had previously created or confirmed by words or conduct which the defendant did not believe to be true **AND/OR** by selling or otherwise encumbering property without disclosing a lien, security interest or other legal impediment to the enjoyment of the property. . . .

The jury charge authorized appellant's conviction if (1) either money or a bulldozer was stolen from Murrell on April 6, 1995 and again on August 7, 1995 and (2) each theft was independently valued at more than twenty thousand dollars, but less than one hundred thousand dollars. The jury charge further authorized appellant's conviction if money was stolen from Brooks (1) on January 31, 1996, which was valued at more than one hundred thousand dollars, but less than two hundred thousand dollars and (2) on May 23, 1996, which was valued at more than twenty thousand dollars, but less than one hundred thousand dollars. The charge then stated,

> If you believe beyond a reasonable doubt that the defendant is guilty of the offense of theft of property of the total value of more than one hundred thousand dollars but less than two hundred thousand dollars, but you do not believe or you have a reasonable doubt that the defendant committed each offense on or about and between the dates previously named, you may still be warranted in finding the defendant guilty if you believe beyond a reasonable doubt that the defendant committed these thefts pursuant to one scheme and continuing course of conduct and so long as the total value of the property stolen, if any, was more than one hundred thousand dollars but less than two hundred thousand dollars. . . .

Furthermore, the verdict form did not require the jury to specify the thefts on which the jury based its conviction:

> We, the jury, find the defendant, Larry R. Thumann, guilty of theft of property of the aggregate value of more than one hundred thousand dollars but less than two hundred thousand dollars, as charged in the indictment.

The indictment, jury charge, and verdict allowed the jury to convict appellant of theft if (1) he committed any of the alleged thefts against Murrell or against Brooks pursuant to one scheme and continuing

course of conduct and (2) the total amount of the stolen property was more than $100,000, but less than $200,000. One of the charged Brooks thefts alone was more than $100,000, but less than $200,000. In addition, the evidence of theft from Murrell is, by itself, sufficient. The jury was free to believe Murrell's testimony above and not appellant's. Even if the jury believed that appellant was Murrell's partner, a partner does not have title to partnership property and thus cannot deal with it as though it was his own. Tex.Rev.Civ. Stat. Ann. art. 6132, § 2.04 (Vernon Supp. 2001). And appellant's lies to Murrell about the property gave jurors reason not to believe him.

Appellant's cases are distinguishable. In *Stockman v. State,* there was a written contract that gave the defendant unquestioned rights to the property, and there was no evidence of deception. 826 S.W.2d 627, 634, 636 (Tex.App.—Dallas 1992, pet ref'd); *see Baker v. State,* 986 S.W.2d 271, 275–76 (Tex.App.—Texarkana 1998, pet. ref'd) (distinguishing *Stockman* on basis of fraudulent concealment of appropriated funds). The opposite is true here. If the jury believed Murrell, as it was entitled to do, appellant had no control and no ownership rights at all. Thus, *Stockman* was a dispute over the interpretation of an admitted written contract, while this case is a dispute over the existence of a denied oral one. Moreover, *Stockman* used a standard of review that was more favorable to the defendant than that now in effect. *Id.* at 636 ("if the evidence supports an inference other that the guilt of the appellant, a finding of guilt beyond a reasonable doubt is not a rational finding."). *Roper v. State* is similarly distinguishable. 917 S.W.2d

128, (Tex.App.—Fort Worth 1996, pet. ref'd). And *Tucker v. State* was reversed for illegal jury argument—an apparent appeal to Ku Klux Klan membership—not for insufficient evidence. 96 Tex.Crim. 356, 257 S.W. 260, 261 (Tex.Crim.App. 1923).

We overrule appellant's first issue.

■ In his second issue, appellant contends the trial judge erred by refusing appellant's requested jury instruction on the defense of ownership. That instruction would have told the jury that if it found the existence of a partnership that included appellant, then appellant was an owner of the equipment, *i.e.,* a result that would have negated the consent element of the theft offense.[3]

■ In reviewing charge error, we apply the usual standard of review. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim. App.1984). A defendant is not entitled to a jury instruction on a defensive theory that does nothing more than negate an element of the charged offense. *Sanders v. State,* 707 S.W.2d 78, 80 (Tex.Crim.App. 1986); *Weaver v. State,* 722 S.W.2d 143, 148 (Tex.App.—Houston [1st Dist.] 1986, no pet.) (holding that a requested instruction, which negated the consent and intent elements of theft, was properly denied); *see also Giesberg v. State,* 984 S.W.2d 245, 249 (Tex.Crim.App.1998) (discussing *Sanders* ). Because the jury instruction would only have negated the consent element, we hold the trial judge did not err by refusing the requested instruction. Nor was appellant harmed by the denial of the instruction. The requested instruction related only to the Murrell theft. It would not

---

3. The elements of theft are as follows:
   (a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.
   (b) Appropriation of property is unlawful if:
   (1) it is without the owner's effective *consent;* ....
   Tex. Penal Code Ann. § 31.03(a), (b) (Vernon Supp.2001) (emphasis added).

have been a defense to the Brooks theft. In fact, appellant's claim that he owned the property in partnership with Murrell was the opposite of appellant's representation to Brooks, as a condition of Brook's loan, that appellant was the sole owner of the collateral.

We overrule appellant's second issue.

We affirm the judgment.