NO. 07-01-0495-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 21, 2002

_____

MICHAEL BLACKMON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-435695; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before REAVIS and JOHNSON, JJ., and BOYD, SJ.[1]

In three issues, appellant Michael Blackmon complains of his conviction of burglary of a habitation with intent to commit aggravated assault and the court-assessed punishment of 65 years confinement in the Institutional Division of the Department of

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 2002).

Criminal Justice. In those issues, he contends that (1) the evidence is factually insufficient to support his conviction, (2) the trial court erred in denying his requested charge to the jury, and (3) he was denied effective assistance of counsel because his counsel failed to request a charge on the lesser-included offense of aggravated assault. For the reasons explicated, we affirm the judgment of the trial court.

Appellant and Julia Ranson had been dating approximately 2 ½ months when, on February 10, 2001, they went to the lounge in the Koko Inn in Lubbock. Ranson had several drinks. She later left the lounge alone and claimed to have walked 1 ½ miles to her apartment. She went to sleep on a sofa and was later awakened by a knock. She opened the door, and appellant pushed his way into the apartment and assaulted her. This happened sometime between 2:00 a.m. and 3:00 a.m. Ransom was able to escape the apartment at one point and ran to a neighbor's apartment. Emergency personnel were then called, and they transported her to a hospital. She suffered a laceration requiring five staples, bruising, and fractures of her skull, nose, and feet.

In his first issue, appellant claims the evidence is factually insufficient to support his conviction. Initially, he contends Ranson's identification of him was suspect because her perception was seriously impaired that night and it is unlikely that he could have been physically present at her apartment during the time of the assault. In reviewing a factual sufficiency challenge, we neutrally examine all of the evidence and determine whether the evidence is so weak as to be clearly wrong and manifestly unjust or the adverse finding

is against the great weight and preponderance of the evidence. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000); *Clewis v. State*, 922 S.W.2d 126, 135 (Tex.Crim.App. 1996). However, the factfinder is still free to assess the credibility of the witnesses, disbelieve any or all of the testimony offered, and weigh the evidence in the manner it desires. *Depauw v. State*, 658 S.W.2d 628, 633-34 (Tex.App.--Amarillo 1983, pet. ref'd).

Appellant argues that the great weight and preponderance of the evidence shows that Ranson was intoxicated on alcohol and possibly other substances on the night in question. However, the evidence of Ranson's impairment is conflicting. Ranson herself admitted having a beer and two whiskey drinks on the night of the assault, and the manager of the bar at the Koko Inn testified that she had at least four whiskey drinks and appeared intoxicated. Nevertheless, she claims to have walked 1 ½ miles home alone without difficulty in about 20 minutes. Furthermore, the police officer and emergency personnel who spoke with Ranson after the assault did not notice any signs of intoxication. A physician at the hospital did smell alcohol on her breath, though, and toxicology reports indicated her blood alcohol level was .092. She also tested positive for cocaine, methamphetamine, and marijuana use. Ranson testified that it had been several days since she had used any of those drugs, and there was also testimony from the treating physician that those substances could still appear in her system after three days.

3

The victim positively identified appellant as her assailant on the night of the assault to police, emergency personnel, and her treating physician and again at trial without inconsistency. This evidence is factually sufficient to support the identification. It is for the jury to resolve the conflicts in the testimony as to the victim's alleged impairment and to determine her credibility which the jury obviously found in her favor.

Appellant also argues that the identification fails because the alleged assault occurred during a time when he was still at the bar or a friend's house. Officer Kevin Harbin testified that Ranson told him the assault allegedly occurred between 2:40 a.m. and 3:00 a.m. Paramedic Kenny Greenlee, who received the emergency call about 3:00 a.m., testified that Ranson said the assault occurred sometime within the hour before his arrival. Moreover, bleeding from her laceration had stopped by the time he arrived, indicating that the assault was probably earlier within that time frame. Nevertheless, the manager of the bar testified that appellant did not leave until 2:30 a.m. and possibly not until 2:45 a.m. He also testified that appellant's car was gone by the time appellant left, which might mean appellant was walking. Another witness, who has visited appellant in jail on numerous occasions, stated that appellant arrived at her house at 3:00 a.m. and spent the night there.

The gist of appellant's argument is that, if the testimony of the bar manager and appellant's friend is believed, appellant would not have had time to go to Ranson's apartment, assault her, and arrive at his friend's house at 3:00 a.m. Once again, this issue

4

turns on the credibility of the witnesses and the weight that the factfinder chooses to give to their testimony. The determination whether to believe the testimony of the bar manager and appellant's friend or the testimony of Ranson was well within the province of the jury to resolve, and we will not disturb that determination on appeal. *See Santellan v. State,* 939 S.W.2d 155, 164 (Tex.Crim.App. 1997).

Finally, appellant challenges the factual sufficiency of the evidence to support a finding that appellant entered Ranson's apartment without consent. Pursuant to section 30.02 of the Penal Code, appellant could be found guilty of the crime for which the jury convicted him only if, without the effective consent of the owner, he entered a habitation with intent to commit an aggravated assault. Tex. Pen. Code Ann. § 30.02(a)(1) (Vernon Supp. 2002). Appellant argues that because the sole evidence of any kind of forced entry comes from Ranson, it is "particularly weak due to the chemical influences she was under." Further, he asserts, she gave conflicting testimony by statements ranging from her assailant breaking in the door to her opening it for him. She also signed an affidavit averring she was a victim of family violence which would require the perpetrator to have been a member of the same household thereby confirming appellant had consent to be there. There was additionally evidence from appellant's friend that appellant stayed at Ranson's apartment on an ongoing basis, and evidence of appellant's presence when police were called to the apartment several days earlier to investigate a complaint of criminal mischief. It is appellant's position that the cumulative weight of all this evidence

5

far outweighs Ranson's testimony that appellant did not have consent to be in her apartment on the night of the assault.

In addition to the foregoing evidence, Ranson testified that appellant did not live with her. She admitted that he stayed with her three to four nights a week and brought a change of clothes when he stayed. However, his name was not on the lease, he had not moved in, he did not pay the bills, rent, or utilities, and he did not have a key. Every time he came to her apartment, he had to have her permission to enter. When she heard a knock at the door that night, she believed it might be her daughter who was supposed to be spending the night with a friend. She opened the door, and appellant pushed his way into the apartment. She also testified that a window screen which was later found cut and laying on the ground had not been that way either when she left for the Koko Inn or when she returned afterward. Further, she professed not to have known the definition of family violence when she signed the affidavit stating she had been a victim of family violence.

The testimony of the owner of a residence that she did not give consent to the defendant to enter the premises is sufficient to establish a lack of consent and, even if the door is left open, it does not mean the perpetrator had permission to enter. *Ellett v. State*, 607 S.W.2d 545, 550 (Tex.Crim.App. 1980); *see also Marinez v. State*, 636 S.W.2d 732, 734 (Tex.App.--Corpus Christi 1982, no pet.). Any inconsistencies in Ranson's testimony or any questions as to her perception that night as a result of chemical influences were for

the jury to resolve. The evidence is factually sufficient to support the verdict. Appellant's first issue is overruled.

In his second issue, appellant contends the trial court erred in failing to instruct the jury with his requested charge which was as follows:

> [I]f you believe from the evidence that the Defendant, Michael Blackmon, is a member of the household, then you must say by your verdict not guilty. If you have a reasonable doubt whether Michael Blackmon is a member of the household, then you must say by your verdict not guilty.

It is appellant's argument that when the evidence raises a defensive issue and the defendant requests a charge on that issue, the trial court must submit the issue to the jury. Thus, he posits, because the evidence as previously discussed under his first issue raises the question of whether appellant was a member of the household, the court erred by not instructing the jury pursuant to his request.

In response, the State asserts that the trial court is not required to give a separate instruction with respect to a defense that is not recognized by the legislature as either a defense or an affirmative defense. In support of its position, the State relies on *Giesberg v. State*, 984 S.W.2d 245 (Tex.Crim.App. 1998), *cert. denied,* 525 U.S. 1147, 119 S.Ct. 1044, 143 L.Ed.2d 51 (1999). In that case, the defendant sought an instruction on his alibi that he was making deliveries for his job and drinking in a bar on the night of the murder by requesting that if the jury had "a reasonable doubt as to the presence of the defendant at the place where the offense was committed at the time the offense was committed," then

7

they would find him not guilty. The court concluded that an instruction on alibi was not warranted because it does no more than negate an essential element of the State's burden of proof. *Id.* at 251. Further, the legislature has not made alibi a defense or affirmative defense. *Id.* at 250.

Similarly, lack of consent is an essential element of the State's burden of proof with respect to burglary. *See* Tex. Pen. Code Ann. § 30.02(a) (Vernon Supp. 2002). Thus, evidence that raises an issue as to whether there was consent to entry only raises a doubt as to whether the State has met its burden of proof. *See Thumann v. State*, 62 S.W.3d 248, 252 (Tex.App.--Houston [1st Dist.] 2001, no pet.). It does not provide a justification or excuse for the defendant's actions which has been authorized by the legislature. Further, the court instructed the jury as to the elements of the offense, including lack of effective consent, and provided a definition of effective consent. We find no error on the part of the trial court in refusing the requested instruction and, accordingly, overrule appellant's second issue.

Appellant complains in his third issue that his trial counsel was ineffective in failing to request a charge on the offense of aggravated assault which, he asserts, is a lesser-included offense of the fourth count of the indictment. Thus, he recognizes, it would also have been necessary to have requested a charge under the fourth count of the indictment.[2]

_____

[2]The fourth count of the indictment alleges that appellant did "intentionally, knowingly, and recklessly cause serious bodily injury to JULIA RANSON by striking the said JULIA RANSON with a belt and with defendant's hands and with defendant's feet."

8

The standards by which we review ineffective assistance of counsel claims are so well known that we will not reiterate them. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986). In addition to showing deficient performance, appellant must show there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694. A reasonable probability is one sufficient to undermine confidence in the proceeding. *Id.* Additionally, there is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

The State proceeded only under the second count of the four-count indictment, which was burglary of a habitation with intent to commit aggravated assault. The trial court charged the jury on both that offense and the offense of burglary of a habitation with intent to commit assault, which is a lesser-included offense (and which was also the first count of the indictment). Tex. Code Crim. Proc. Ann. art. 37.09(1) (Vernon 1981). It has been held that aggravated assault is not a lesser-included offense of burglary of a habitation with intent to commit aggravated assault because the evidence showing a completed aggravated assault is not part of the facts legally required to show burglary with intent to commit aggravated assault. *Jacob v. State,* 892 S.W.2d 905, 909 (Tex.Crim.App. 1995).

Even in *Sanders v. State*, 963 S.W.2d 184 (Tex.App.--Corpus Christi 1998, pet. ref'd), which is relied upon by appellant for the proposition that aggravated assault can be a lesser-included offense of burglary of a habitation, the court found that evidence of "consent"[3] was evidence only that the defendant had prior consent to enter the residence but was not evidence that the defendant had consent to enter the residence on the day of the offense. *Id.* at 187. Thus, there was no error in failing to charge the jury on the lesser offense. *Id.* The failure to request an instruction cannot constitute ineffective assistance of counsel when there is no showing the defendant was entitled to the instruction. *Flores v. State*, 42 S.W.3d 277, 282 (Tex.App.--Corpus Christi 2001, no pet.); *see also Autry v. State,* 27 S.W.3d 177, 181 (Tex.App.--San Antonio 2000, pet. ref'd). Furthermore, where the record is silent as to counsel's reasoning in failing to take some action, we must presume that he exercised reasonable professional judgment. *Wood v. State,* 4 S.W.3d 85, 88 (Tex.App.--Fort Worth 1999, pet. ref'd); *Poole v. State*, 974 S.W.2d 892, 902 (Tex.App.--Austin 1998, pet. ref'd). Appellant's third issue is overruled.

In summary, we have found no reversible error and, having overruled appellant's issues, affirm the judgment of the trial court.

---

[3]There was evidence that the defendant had been seen at the residence owned by his estranged wife and her sister on several occasions including early in the morning, that they would occasionally stay together in a room at his father's house or at her residence, that the defendant had been called at the residence and picked up there, that the defendant had given an employer that address as his home address, and that on the day of the offense, the defendant stated he was going back home and was going to "kill one of these hos."

John T. Boyd
Senior Justice

Do not publish.