ERNEST JONES, JR. V. STATE.

No. 25322.  May 30, 1951.
State's Motion for Rehearing Denied October 10, 1951

Hon. Jack Roberts, Judge Presiding.

*Harold Henry,* Waco, for appellant.

*Bob Long,* District Attorney, *Thomas D. Blackwell,* and *Thomas E. James,* Assistants District Attorney, and *George P. Blackburn,* State's Attorney, all of Austin, for the state.

DAVIDSON, Judge.

The Chrysler automobile belonging to Matthews, was, on the night of March 8, 1950, stolen from his garage in Austin. A 7½ horsepower Mercury outboard motor was in the trunk of the car. Upon discovery of the theft the next morning, officers were notified and a report was made by radiobroadcast of the theft of the car and motor. On April 15, police officers of Fort Worth reported that the stolen automobile had been found in that city. The outboard motor, however, was not in the car when found.

Turpin, an automobile mechanic who resided in Fort Worth,

was approached by one Gatehouse on March 9, the day following the theft, with an offer to sell him a 7½ horsepower Mercury outboard motor. Appellant assisted Gatehouse in carrying the motor into Turpin's place of business. After some discussion, Turpin bought the motor from Gatehouse for $30, which was greatly below its value. Gatehouse executed a bill of sale to the motor.

On July 3, about four months after the theft, Turpin delivered the motor to Detectives Armstrong and McHan of the city of Fort Worth. McHan delivered the motor to Dallas officers whom he did not name or otherwise identify. Matthew's stolen motor was returned to him "by the detectives." He did not name those detectives, or otherwise attempt to identify them.

The stolen motor was not described by Matthews other than as a 7½ horsepower Mercury outboard motor; no serial number or special identifying marks were given. Such, also, was the limited description of the motor which Turpin bought from Gatehouse.

Appellant stands here convicted of the theft of the outboard motor, with punishment assessed at three years' confinement in the penitentiary.

It is insisted that the facts are insufficient to sustain the conviction because the stolen motor is not shown to have been in appellant's possession or in the possession of Gatehouse, with whom appellant is alleged to have acted. With this contention we are in accord.

Appellant's guilt depends upon his acts and conduct with Gatehouse in the sale of the motor to Turpin, which, of necessity, must have been the stolen motor. The absence of any testimony showing that the motor sold to Turpin was the stolen motor, or that the motor ultimately returned to Matthews was the one sold to Turpin precludes appellant's guilt.

The facts being insufficient to sustain the conviction, the judgment is reversed and the cause is remanded.

Opinion approved by the court.

### ON STATE'S MOTION FOR REHEARING.

WOODLEY, Judge.

We have again carefully examined the record in the light

of the state's able motion and argument and are unable to agree that the facts and circumstances are sufficient to identify the outboard motor sold in Ft. Worth as that stolen from Mr. Matthews in Austin.

The state's motion for rehearing is therefore overruled.

Opinion approved by the court.