### JACK ALLEN BARKER V. STATE.

No. 31,037. November 11, 1959.
Motion for Rehearing Overruled December 16, 1959.

*Robert R. Duvall,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White, Alex Guevera, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is burglary with a prior conviction of an offense of like character alleged for enhancement; the punishment, twelve years.

The Atchison Furniture Store was burglarized on the night in question and a 17-inch Motorola television set was taken therefrom.

The witness Odum testified that on the night in question he saw a man who was wearing light-colored overalls kick in the glass portion of the door to the Atchison store, that he told a druggist to call the police, that a city bus came to a halt in front of the store, and that within a few minutes the police arrived and began to question the man he had seen kick in the door.

The witness Barto, a bus driver, testified that the end of his line was in front of the Atchison store, that when he arrived there at 7:54 on the night in question he saw appellant, wearing white overalls, standing at the bus stop but appellant made no effort to board the bus, that he killed the motor, cut off the lights on the bus and went to the drugstore for coffee, that when he returned at 8:01 the officers had appellant in custody. He stated that he made several efforts to start his bus and that when he finally succeeded and after he had driven the empty bus some distance he heard something in the bus fall and discovered that it was a television set, which he delivered to the police.

Officers Romoser and Martin testified that they were near the Atchison store when they received a call from the dispatcher, that as they arrived upon the scene in the police car one of them saw appellant in front of the parked bus but that he descended and began to walk hurriedly away, that they hailed him and inquired if he had seen anyone around, that appellant replied in the negative and further denied that he had been in the bus. They stated that they asked appellant how he had cut his hand, which was bleeding, that appellant answered that he had done it while sharpening a pencil in order to write down an address and exhibited a pencil, which had been sharpened with a pencil

sharpener, and a piece of paper which had some writing in ink, to prove his statement.

Appellant, testifying in his own behalf, admitted that he was the person who had been convicted in the case plead in the indictment, and that he had also been convicted of three other felonies. He stated that he was waiting for the bus at the bus stop and that when the driver went to get coffee he started to do the same when the officers called to him. He denied that he broke the glass door and denied any knowledge of the television set but admitted that he was the only person in the vicinity during the four minutes which elapsed between the time the bus driver left the bus and the time the officers arrived.

Appellant contends that the evidence is insufficient to support the conviction because Mr. Atchison, who identified the television set which was returned to him by the police as being the set which was taken from his store, did so by sight only and did not check the serial number against his records, and because appellant's fingerprints were not found on the set.

Reliance is had upon Ramirez v. State, 163 Texas Cr. Rep. 109, 289 S.W. 2d 251, and Jones v. State, 156 Texas Cr. Rep. 343, 242 S.W. 2d 392. Jones is easily distinguished because in that case there was no evidence placing the appellant at the scene of the theft. The rule expressed in Ramirez has no application here because the testimony upon which the state relied was not obviously weak.

We have concluded that the case at bar is controlled by Landry v. State, 156 Texas Cr. Rep. 350, 242 S.W. 2d 381, and Chapin v. State, 167 Texas Cr. Rep. 390, 320 S.W. 2d 341, wherein we said that, where the facts are in such juxtaposition one to another that only one logical conclusion may be drawn therefrom, they constitute direct evidence of the main fact to be proven.

Finding the evidence sufficient to support the conviction, and no reversible error appearing, the judgment is affirmed.