Antonio DE LA O, Appellant,

v.

The STATE of Texas, Appellee.

No. 36186.

Court of Criminal Appeals of Texas.

Nov. 13, 1963.

Rehearing Denied Jan. 8, 1964.

**502**

Samuel L. Egger, San Antonio, for appellant.

James E. Barlow, Dist. Atty., James E. Hope, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is felony theft; the punishment, six years.

Electronic repairman Mundine stated that at 1:00 p. m. on the day in question, he was looking out of the show window of his place of business and observed two shabbily dressed men walking across the Navarro Street bridge a short distance away and looking into a parking lot, that he continued to watch the two and saw them approach a station wagon on the parking lot, where one of the men took off his jacket, removed an object from the automobile, wrapped it in the jacket, and the two men left the parking lot. He testified that the pair proceeded across Richmond Street toward Lexington Street and he called the police, that within a matter of minutes he saw appellant running back in the witness' direction with a police officer in pursuit. He testified that the man who came running in his direction with the police in pursuit had the same physical features and wore the same clothing as one of the men who took the object from the station wagon and positively identified him as being the appellant. He testified that he identified appellant's picture which was brought to his place of business by the police shortly thereafter.

On the question of value of the tape recorder, which was later shown to have been taken from the station wagon, Mundine testified that he had been in the electronics business for 15 years, had bought and sold tape recorders in the past and had seen them bought and sold recently, and that the particular type in question had a reasonable cash market value of $165.00 in San Antonio on the day in question.

Officer Mitchell testified that while on patrol on the day in question, he saw appellant, whom he knew, walking on Lexington (which according to the map introduced in evidence without objection, runs parallel to and is one block north of Richmond Street) carrying a box, that he brought his police car to a halt and dismounted, at which time the box was placed in the doorway of a store and appellant and his companion began running in opposite directions. He testified that he pursued appellant on foot for two blocks, but was unable to overtake him, whereupon he returned to the point where the chase had begun, turned the box in question over to Officer Wondra, and later at the scene of the theft, saw that the box which he had delivered to Wondra contained a tape recorder.

Allen Dale, announcer for a local television station, testified that the tape recorder, which he used in his work for the television station and which was stolen from his station wagon, was less than a year old and

had a reasonable cash market value of approximately $160.00. He stated that he had been in the radio and television industry for 17 years and had bought tape recorders during all that period of time.

Appellant did not testify or offer any evidence in his own behalf. We shall discuss the contentions advanced in brief and argument. His principal contention is that the State failed to prove value. During his cross examination of the witness Dale, appellant was able to elicit the admission that his knowledge of the value of used tape recorders had been acquired from talking to other people in the trade and from reading trade magazines.

■ The last expressions of this Court on this question are in Morris v. State, Tex.Cr. App., 368 S.W.2d 615 and Esparza v. State, Tex.Cr.App., 367 S.W.2d 861, decided in May of this year. In Esparza we said, "While the evidence was hearsay, such is proper proof as to value. Holmes v. State, 126 Tex.Cr.R. 587, 72 S.W.2d 1092." We have not been persuaded to depart from a rule so recently announced. In addition, in this case we have two witnesses with a combined total experience with tape recorders of 32 years who expressed their personal opinions as to value.

We find no objection to the court's charge in the transcript and fail to find anything fundamentally erroneous in the charge as given.

■ The facts as stated are in such close juxtaposition to each other as to eliminate the necessity of the giving of a charge on circumstantial evidence. Chapin v. State, 167 Tex.Cr.R. 390, 320 S.W.2d 341 and Barker v. State, 168 Tex.Cr.R. 513, 329 S.W. 2d 889.

■ The court did not err in refusing to permit the court reporter, who took the testimony of the Witness Mundine given at the examining trial, to read the same to the jury, because Mundine admitted on the trial on the merits that he had testified at the

examining trial that he could not recognize appellant and his companion except by size and apparel prior to the theft. The testimony offered was to the same effect.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.