**Raymond Loyal EDWARDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 38037.

Court of Criminal Appeals of Texas.

March 31, 1965.

Meto Miteff (on appeal only), Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Turman Power, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is breaking and entering a vehicle as denounced by Article 1404b, Vernon's Ann.P.C., with two prior convictions for non-capital felonies alleged for enhancement; the punishment, life.

Officer Sanders of the Fort Worth Police testified that while on patrol on the night in question he observed a man seated on the passenger side of the front seat of a parked automobile, that as he approached, the man got out of the automobile and hurriedly traversed the lawn of an adjacent funeral home and while doing so threw an object over a hedge. He brought the appellant to a halt and placed him under arrest. At this juncture Mr. and Mrs. Morris arrived, claimed ownership of the automobile in question, and a flashlight was returned from behind the hedge which Mr. Morris identified as his property. An examination of the automobile revealed that the glove compartment was open.

Mr. Morris testified that shortly before the incident in question he had parked his automobile, closed the doors and paid a visit to a nearby hospital. He identified the flashlight and denied that he had given appellant permission to enter the automobile or take the flashlight from the glove compartment.

At the conclusion of this evidence the appellant personally joined in a stipulation

that he was the person convicted in the two prior felonies alleged for enhancement.

Appellant did not testify, but called his mother who testified that appellant had been in jail since the night in question.

 We find the evidence sufficient to sustain the conviction.

 There are no formal or informal bills of exception, but by brief appellant contends that the trial court erred in permitting State's counsel to read to the jury the paragraphs of the indictment charging the prior convictions. Reliance is had upon Lane v. Warden, Md. Penitentiary, 4 Cir., 320 F.2d 179. There was no offer to stipulate prior to trial, and this Court in Ex Parte Reyes, Tex.Cr.App., 383 S.W.2d 804 and the cases there cited, and the Fifth Circuit Court of Appeals in Breen v. Beto (January 28, 1965), 341 F.2d 96 have held contrary to appellant's contention.

Finding no reversible error, the judgment is affirmed.