**Robert Charles JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38160.**

Court of Criminal Appeals of Texas.

April 21, 1965.

Donald W. Cantwell, Dallas, for appellant.

Henry Wade, Dist. Atty., Harryette Bercu, Howard Weinberger and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for robbery by assault; the punishment, five years.

The prosecutrix testified that while walking, alone, to her brother's home about 3 A.M., she saw two men standing in front of a tavern. She identified the appellant as one of the two men who at that time approached her. When she screamed, the appellant grabbed her arm and neck and began choking her and telling her to stop screaming. Appellant's companion demanded that the prosecutrix give him her billfold and when she told him she had no money, the appellant choked her while his companion took the billfold and appellant's companion held her as the appellant looked for her necklace. After her refusal to walk into an alley, both men dragged her there. At this time, a woman at a nearby house called to the men, one of whom replied "Shut up." Appellant then told the prosecutrix to walk down the street, but instead, she ran to the woman's house and the police were notified.

After the officers arrived, they located and arrested the appellant and his companion in a telephone booth, and also found a billfold on the floor in the booth. The prosecutrix identified the billfold as the one the appellant and his companion took

from her and testified that at such time she was "scared," and that they took the billfold against her will and without her consent.

Testifying in his own behalf, the appellant stated that he and his companion met the prosecutrix in a coffee shop about 3 A.M.; that when she asked them to walk home with her his companion said to her "You come and go with me," and the two of them left. They were arguing when they returned about ten minutes later. Appellant further testified as follows: "He said he had fifteen dollars. Anyway he came over to me and said, 'I think she done slipped it to me'. He told me to 'Come on with me, I am going to get it back'. And we got down to San Jacinto Street and this large lady, I think it was *her* sitting on her porch and he said give me my money, and she said, 'Leave my purse alone.' That lady yelled at us to stop and I said to him, I said, you better stop, the police will come by and arrest all of us, and he said, 'No, she has got my money and I want to see that purse', and she had a little red billfold and another purse and I wanted him to stop, but he wouldn't stop and I said, give her her purse back and he said, 'No, she had my money' and I said, let's just go on and forget it, and we walked down the street. Then the police come and put the handcuffs on us and took us down town."

In his brief, appellant contends that he was incompetently represented in the trial court by the attorney appointed by the court.

The record contains no order appointing counsel for the trial on the merits. The judgment recites that appellant "appeared in person, his counsel also being present, and both parties announced ready for trial." It appears that one attorney appeared at the trial, while another has filed the brief on appeal. No order appears in the record appointing an attorney on appeal.

The contention that appellant was denied the effective aid of counsel is not sustained by the record.

There are no formal bills or objections to the court's charge.

The evidence is sufficient to support the conviction, and no error appearing, the judgment is affirmed.

Opinion approved by the Court.