**Ted Monroe ELDRED, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38468.**

Court of Criminal Appeals of Texas.

Nov. 3, 1965.

Rehearing Denied Dec. 8, 1965.

Pat McDowell, Dallas, for appellant.

Henry Wade, Dist. Atty., John Nelms, Robert Stinson, and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is burglary; the punishment, enhanced by a previous conviction for burglary, 12 years.

The indictment alleged the burglary of a house occupied and controlled by George Ostrosky on or about June 30, 1964. A prior conviction on March 22, 1963, for a like offense was alleged and proved.

The sufficiency of the evidence to sustain the conviction is not challenged.

The statement of facts reveals the following:

George Ostrosky, manager of the Hollywood Vassarette Co., closed the building be-

fore leaving between 5 and 6 o'clock P.M. on June 29, 1964. He returned to the place of business about 1 A.M. in response to a call and saw appellant in the custody of police officers. He testified that he occupied and had control of the business house and the money that was left in the petty cash box, and that he did not give anyone permission to break into or enter the building and remove any of his property.

Officers Wright and Gardner arrived at the business house about 12:35 A.M. in response to a radio call. A search of the building revealed that a door leading to the roof of the building had been forced and the hasps broken.

Two men, one of whom was the appellant, were found in the building.

Some cash was missing from the petty cash box and some drawers and cabinets were open. Some tools and gloves that did not belong to the company were found in the building and each of the men had money in his pocket, the total being about the amount that was missing from the petty cash box.

The sole ground for reversal is the contention that the trial court erred "in allowing the State of Texas to read an indictment to the jury and offer proof thereon over Appellant's objection, informing the jury that Appellant had previously been convicted of a felony, at a time when Appellant's guilt had not been determined by the jury."

■ Fletcher v. State, Tex.Cr.App., 396 S.W.2d 393, this day decided, and the cases there cited are applicable and controlling. The claim of error is overruled.

■ The evidence is sufficient to sustain the conviction and no reversible error appears.

The judgment is affirmed.