**Charles Lonnie JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38625.**

Court of Criminal Appeals of Texas.

Nov. 17, 1965.

John E. McLean, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Roland H. Hill, Jr., and Truman Powers, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is burglary with two prior convictions for burglary alleged for enhancement; the punishment, life.

Officer Burkhart testified that on the night in question, in response to a dispatch, he drove immediately to the White Rose Distributing Company warehouse and upon his arrival saw a Negro male carrying a box and walking toward the chain link fence which enclosed the company's property on the south side. He stated that he drove around to the south fence, and flashed his flashlight on appellant, who by that time was ten feet outside the fence and approximately the same distance from a hole in the chain link fence, "lying down in the grass". Near appellant was a case of whiskey containing unbroken and some broken bottles. Assistance arrived; the officers carried appellant through the hole in the fence and returned the whiskey to the Vice President in charge of the company when he arrived at the scene shortly thereafter. The owner

identified the remaining bottles of whiskey as bearing his label and described how the breaking and entry had been effected.

The prior convictions were established in the manner approved by this Court in Broussard v. State, 363 S.W.2d 143, however, there is an entire absence of any evidence that the 1961 conviction was for an offense committed after his 1955 conviction as alleged in the indictment. Only the judgments were introduced in evidence. Rogers v. State, 169 Tex.Cr.R. 239, 333 S.W.2d 383. Appellant did not testify or offer any evidence in his own behalf.

Appellant's counsel on appeal by brief and in argument urge that the evidence is insufficient to support the conviction because Officer Burkhart was unable to positively identify appellant as the Negro male he first saw on the warehouse premises. The officer was positive that appellant was the person hiding in the grass near the hole in the fence within a matter of minutes after he arrived. The silent burglary alarm operated by the American District Telegraph Company went off at 10:29 p. m. on the night in question and appellant was already under arrest by 10:34 p. m.

■ The rule as to juxtaposition adopted in Barker v. State, 168 Tex.Cr.R. 513, 329 S.W.2d 889, Chapin v. State, 167 Tex.Cr.R. 390, 320 S.W.2d 341, and Landry v. State, 156 Tex.Cr.R. 350, 242 S.W.2d 381, clearly support the holding that the evidence set forth above is sufficient to support this conviction.

■ Appellant's next contention that the Court erred in permitting proof of the prior convictions alleged for enhancement has been decided adversely to him by this Court in Edwards v. State, 388 S.W.2d 427, and the cases there cited.

■ Argument that trial counsel was inexperienced is not supported by the record.

■ The judgment is reformed under the holding of this Court in Haines v. State, 391 S.W.2d 58, to provide for appellant's confinement in the Department of Corrections for a term of 12 years.

As reformed, the judgment is affirmed.