**Earl Curtis TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38906.**

Court of Criminal Appeals of Texas.

Jan. 19, 1966.

Rehearing Denied Feb. 16, 1966.

Z. D. Allen, John Bradshaw, Wichita Falls, for appellant.

Stanley Kirk, Dist. Atty., Stanley M. Vickers, Asst. Dist. Atty., Wichita Falls, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is robbery by assault; the punishment, enhanced by two prior convictions for felonies less than capital, life.

Sentence was pronounced and notice of appeal was given on July 7, 1965.

No statement of facts accompanies the record.

The appeal is predicated upon the over-ruling of appellant's Motion In Limine which requested the court to instruct state's counsel not to inform the jury in any manner, either by reading from the indictment or offering any evidence, to the effect that the appellant had been previously convicted of other felonies.

Appellant's able counsel concedes that the prior decisions of this court and of the United States Court of Appeals for the 5th Circuit are against his contention and are favorable to the state's position, but argues that we should depart from these holdings and follow Lane v. Warden, 320 F.2d 179 (4th Circuit).

We do not agree. Redding v. State, 159 Tex.Cr.R. 535, 265 S.W.2d 811, cert. denied, 348 U.S. 838, 75 S.Ct. 38, 99 L.Ed. 661; Stephens v. State, Tex.Cr.App., 377 S.W.2d 189, cert. denied, 380 U.S. 980, 85 S.Ct. 1344, 14 L.Ed.2d 274; Crocker v. State, Tex.Cr.App., 385 S.W.2d 392, and cases cited; Howard v. State, Tex.Cr.App., 387 S.W.2d 387; Edwards v. State, Tex.Cr. App., 388 S.W.2d 427 (where, as here, there was no offer to stipulate as to the prior convictions alleged for enhancement); Sims v. State, Tex.Cr.App., 388 S.W.2d 714; Capuchino v. State, Tex.Cr.App., 389 S.W.2d 296; Ex parte Gomez, Tex.Cr. App., 389 S.W.2d 308; Stoneham v. State, Tex.Cr.App., 389 S.W.2d 468; Matula v. State, Tex.Cr.App., 390 S.W.2d 263; Conley v. State, Tex.Cr.App., 390 S.W.2d 276; Eldred v. State, Tex.Cr.App., 396 S.W.2d 142; Fletcher v. State, Tex.Cr.App., 396 S.W.2d 393; Moses v. Beto, 352 F.2d 88 (5th Circuit); Taylor v. Beto, 5 Cir., 346 F.2d 157; and Breen v. Beto, 5 Cir., 341 F.2d 96, support the state's position that the reading of the indictment and proof of the allegations as to prior convictions alleged for enhancement does not constitute a violation of due process.

The judgment is affirmed.