**Connie Ray CARAWAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40337.**

Court of Criminal Appeals of Texas.

June 14, 1967.

Rehearing Denied July 26, 1967.

W. John Allison, Jr., Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., Charles L. Caperton, Don Koons and Kerry P. Fitz-Gerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

### OPINION

MORRISON, Judge.

The offense is robbery with firearms; the punishment, 40 years in the Department of Corrections.

On September 14, 1966, appellant gave notice of appeal, filed a pauper's oath and such notice was entered on the docket of the Court of conviction.

On January 11, 1967, appellant's court appointed counsel moved the trial court to permit the entry of notice of appeal. Counsel and trial court apparently overlooked Sections (d) and (e) of Article 44.08, Vernon's Ann.C.C.P. which provide that the trial court's docket entry of notice of appeal is sufficient compliance with such article, because the trial court overruled the motion. However, on May 5, 1967, the trial court extended the time for filing a brief on appeal, and one was filed within such time. The entire record is before this Court, and we will entertain the appeal under the notice given on September 14, 1966.

The sole ground of error presented in the brief is that appellant was denied his right to appeal.

We have examined this record and find no reversible error. If appellant's court appointed counsel seeks to raise other grounds of error, he may set them forth in his motion for rehearing.

The judgment is affirmed.

### OPINION ON MOTION FOR REHEARING

ONION, Judge.

Appellant in his motion for rehearing, as pointed out in our original opinion that might be done, seeks to raise two other grounds of error which we shall, under the circumstances, consider. Article 40.09, Section 13, Vernon's Ann.C.C.P.

Appellant now contends that the trial court erred by its refusal to allow the appellant *personally* to make an opening statement in violation of Article 36.01, Section 5, V.A.C.C.P.

Article 36.01, Section 5, supra, provides as follows:

"The nature of the defenses relied upon and the facts expected to be proved in their support *shall be stated by defendant's counsel.*" (Emphasis Supplied)

■ At the end of the first day of trial, the State rested its case in chief. After the appellant's motion for an instructed verdict was overruled, on the second day of the trial the record shows the following:

"THE DEFENDANT: Your Honor, I'd like to talk to the jury for a minute, if I may.

THE COURT: Well, when we get through with the testimony, why, you can make a talk to the jury."

While the request was made in due order of procedure, no further effort was made to bring to the trial court's attention appellant's desire to state the nature of his defenses and facts he expected to prove in support thereof, if in fact that was his desire. It is obvious that trial court felt the request related to jury argument. Further, no exception or objection was taken to the court's ruling. As noted above, this ground of error is raised for the first time on this motion for re-hearing.

■ The right of a defendant in a criminal case to an opening statement by his counsel is a valuable right, and the denial of a timely request by the defendant to make an opening statement constitutes reversible error. Crew v. State, Tex.Cr.App., 387 S.W.2d 898; Price v. State, 167 Tex.Cr.R. 105, 318 S.W.2d 648; Kennedy v. State, 150 Tex.Cr.R. 215, 200 S.W.2d 400; 56 Tex. Jur.2d 412.

■ However, a defendant is not entitled to personally make such opening statement in his own behalf in the absence of an explanation of counsel's inability to speak for him. Foster v. State, 148 Tex.Cr.R. 372, 187 S.W.2d 575; Cameron v. State, Tex.Cr.App., 217 S.W.2d 23. The record does not reveal that any reason was assigned at the time of the trial why the defense counsel could not have made the statement.

Appellant now urges, on appeal, that his court appointed trial counsel was not sufficiently prepared on the facts of the case to make an intelligent opening statement, but there is no showing that any such explanation was made to the trial court at the time the appellant personally requested "to talk to the jury a minute", nor can we conclude that record supports such claim. The ground of error thus presented is overruled.

Appellant next contends that he was denied the effective assistance of trial counsel.

The trial court appointed trial counsel to represent this indigent appellant on March 30, 1966. According to the docket sheet, the case seems to have been passed and re-set on April 4th and May 3rd, 1966. The trial commenced on May 16, 1966. No motion for continuance was made and appellant announced ready for trial. Just prior to testifying as the first witness in his own behalf, on the second day of trial, appellant personally addressed the court in the absence of the jury, complaining that he was being inadequately represented and asking that another attorney be appointed. In his unsworn statement to the court, he claimed his trial counsel had only spent "about fifteen minutes" discussing the case with him in jail on Friday before the trial began on the following Monday; that counsel had suggested he plead guilty; that he had not asked the names of any witnesses nor subpoenaed the same; that he failed to object to some of the proffered testimony. The request for new counsel was denied.

The trial court pointed out that the proffered testimony was objected to, but was admitted because it was material and observed that appointed counsel was doing "a very good job of it up to now". (counsel had just successfully elicited from an eye-witness to the events just preceding the robbery that he might be mistaken in his identifica-

tion of appellant) When it appeared that appellant's main concern was to obtain the appearance of two police officers who had investigated the alleged robbery and their written report thereon, the court and counsel conferred, and such witnesses were called and subsequently testified as defense witnesses. The only other witness mentioned by the appellant was the foreman of the grand jury, but there is no showing as to what he could possibly have testified.

In Rodriguez v. State, 170 Tex.Cr. R. 295, 340 S.W.2d 61, we pointed out that it is the duty of the court in appointing counsel to select one who has sufficient ability and experience to fairly represent the defendant and protect his legal rights.

Whether an accused has been denied the benefit of effective assistance of counsel guaranteed to him by the 6th and 14th Amendments, U. S. Constitution, depends upon "the particular circumstances" appearing in the record. Avery v. State of Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377; Underwood v. Bomar, 335 F.2d 783, 786, n. 2 (6th Cir.).

This Court has on a number of occasions carefully examined the record in order to properly appraise the contention that an appellant had ineffective assistance of counsel. Drennon v. State, Tex.Cr.App., 395 S.W.2d 636; Jackson v. State, Tex.Cr. App., 395 S.W.2d 650, 651; Jones v. State, Tex.Cr.App., 389 S.W.2d 294; Dyches v. State, Tex.Cr.App., 382 S.W.2d 928; Williams v. State, 169 Tex.Cr.R. 496, 335 S.W. 2d 224; Rodriguez v. State, supra.

The test to be applied under such circumstances has been well stated by the United States Court of Appeals, Fifth Circuit, in MacKenna v. Ellis, 280 F.2d 592:

"We interpret the right to counsel as *the right to effective counsel.* We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance."

See also Fletcher v. State, Tex.Cr.App., 396 S.W.2d 393.

While the education, background, or experience of the court appointed trial counsel is not reflected, a review of the record in the case at bar convinces us that appellant's counsel met the above quoted standard.

Appellant's court appointed appellate counsel directs our attention to several pages of the record, particularly appellant's *unsworn statements to the court* described above and concludes that trial counsel was unprepared and that many objections should have been made and evidence which should not have been admitted was introduced. These charges stand in mere conclusory terms. In Williams v. Beto, 5 Cir., 354 F.2d 698, in discussing such a contention, the Court said:

"The practice of law is an art as well as a science. As no two men can be exactly alike in the practice of the profession, it is basically unreasonable to judge an attorney by what another would have done, or says he would have done, in the better light of hindsight."

See Morgan v. State, Tex.Cr.App., 403 S.W. 2d 150.

Appellant cites Brooks v. State of Texas, 381 F.2d 619, (Fifth Cir. C.A., July 10, 1967), which was reversed for lack of effective counsel. In Brooks, the Court, with benefit of an evidentiary hearing in a federal district court and the record from the trial court (Criminal District Court of Dallas County), concluded the record evidenced Brooks' appointed counsel's totally inadequate preparation of Brooks' only possible defense—that of insanity. The Court observed that Brooks' counsel had failed to interview the Doctor who had given Brooks a mental examination and who had expressed an opinion that there was a good deal of impairment in Brooks' ability to form

judgments; had failed to subpoena the Doctor who was out of town at the time of the trial; had made an unsuccessful oral, rather than a proper written motion, for continuance; that there had been only limited pre-trial conferences between counsel and client (established by Brooks' sworn and uncontradicted testimony); that a thorough and timely interview with Brooks by counsel would have disclosed commitments to at least three different mental institutions and two attempts to commit suicide.

In the case at bar, the record before us does not evidence a totally inadequate preparation of appellant's only defense—alibi. The record does not support appellant's unsworn remarks to the trial court. Even if appellant's statement as to limited consultation was true, there is no showing that a more thorough and timely interview would have disclosed other witnesses to his alibi.

Appellant, testifying in his own behalf, related that on the night of the alleged robbery, he was at home with his wife and seventeen month old child. No complaint is made that the wife was not subpoenaed or called as a witness. No showing or claim is made that the wife if called as a witness would have supported appellant's version of the facts. No suggestion is now urged that there were other witnesses to substantiate appellant's alibi not mentioned in appellant's testimony who could have been uncovered by more frequent pre-trial conferences or additional investigation. The record does not reflect that evidence vital and helpful to appellant's defense was withheld from the jury.

It is noted that when certain witnesses were demanded it appears that counsel was far more familiar with the names of such witnesses than appellant. It may well have been, that after investigation, counsel had serious reservation about calling the two investigating officers who were so intimately connected with the prosecution. Nevertheless, the two police witnesses, requested by appellant, were called by appellant's counsel and examined as to their investigation and police report made.

The careful trial judge is to be commended for having taken steps to insure the appearance of two of the witnesses requested. While the accused cannot and must not be allowed to claim the lack of effective assistance of counsel at such times as to disrupt the orderly procedure of a criminal trial, (Lee v. United States, 98 U.S.App.D.C. 272, 235 F.2d 219; Finch v. State, Tex.Cr App., 399 S.W.2d 544) it would have been preferable if the trial court had, for the purpose of the record, made further inquiry into the accusations made. In the absence of any such action by the trial court, it would seem to be in the interest of both the prosecution and the court appointed counsel for either to have taken the initiative in having the record reflect whether there was any basis for such charges.

An accused has a constitutional right to the effective assistance of counsel and our entire judicial system should always jealously safeguard that precious right. At the same time, in view of the great frequency with which lack of assistance of counsel is being raised on appeals and in collateral attacks upon convictions, each case must be carefully scrutinized on its merits and in light of the record available, so as not to leave the impression with defense counsel that in seemingly hopeless cases, the best defense or delaying tactic is to do nothing at all.

We are unable to conclude that appellant was deprived of his constitutional rights as guaranteed by the 6th and 14th Amendments to the federal constitution.

The motion for rehearing is overruled.