Tonja Jones TWINE, Appellant,

v.

STATE of Texas, Appellee.

Nos. 11–96–108–CR, 11–96–109–CR.

Court of Appeals of Texas, Eastland.

Sept. 19, 1996.

Steven R. Miears, Law Offices of Steven R. Miears, P.C., Plano, for appellant.

Tom O'Connell, Criminal District Attorney, McKinney, for appellee.

PER CURIAM.

The jury convicted appellant of two misdemeanor offenses, criminal trespass and resisting arrest. In both cases, the jury assessed punishment at a term of confinement and a fine.[1] The jury suspended both the confinement and the fines and placed appellant on community supervision for six months. We affirm.

In a single point of error, appellant contends that the trial court committed reversible error in denying defense counsel's request to make an opening statement immediately following the State's opening statement. Appellant relies on *Arriaga v. State*, 804 S.W.2d 271 (Tex.App.—San An-

tonio 1991, pet'n ref'd), as support for her contention.

In *Arriaga*, at the conclusion of the prosecutor's opening statement, defense counsel requested to proceed with an opening statement. The trial court denied the request, and the prosecution proceeded with its case-in-chief. The case centered around the credibility of the undercover officer who testified that he purchased narcotics from the defendant. The court of appeals held that there was error and that the error was not "harmless" because the jury could not evaluate the State's evidence in the context of the defense's position and because the jury could not relate the defense's cross-examination of the State's witnesses to the overall defense posture as the cross-examination was being heard.

In this case, the State concedes that the trial court erred in denying appellant's request to make an opening statement following the State's opening statement. See TEX. CODE CRIM. PRO. ANN. art. 36.01(b) (Vernon Supp.1996); *Moore v. State*, 868 S.W.2d 787 (Tex.Cr.App.1993).[2] However, the State contends that such error was harmless. We agree.

The State's evidence showed that on April 26, 1994, appellant attempted to cash a check at the customer-service booth at a Brookshire's Grocery Store. The assistant manager, William Carpenter, asked for appellant's driver's license because he did not recognize her. Appellant showed Carpenter her license, and Carpenter testified that appellant then remarked "something to the effect that's why I don't like coming in your store because you treat me like a third-class citizen every—every time I come in here." Appellant then called Carpenter a "racist pig." Appellant used profanity and told Carpenter to cash her check. Carpenter refused, and he testified that appellant started yelling and used more profanity. Appellant then swung

---

**1.** In Cause No. 11–96–108–CR, the jury assessed punishment at confinement for 2 days and a $50 fine. In Cause No. 11–96–109–CR, the jury assessed punishment at confinement for 3 days and a $150 fine.

**2.** Article 36.01(b) provides that defense counsel may make an opening statement for the defen-

dant immediately after the State's opening statement. In *Moore*, the Court of Criminal Appeals stated that, where the State proffers an opening statement, a defendant may, at his option, demand to make an opening statement immediately following the State's opening statement or after the presentation of the State's case-in-chief.

a small red shopping basket at Carpenter. Appellant did not leave when asked by the police to do so. Appellant struggled with the police, and she struck one of the officers as they attempted to place her under arrest.

The sole witness for the defense was appellant who testified that she regularly shopped and cashed checks at Brookshire's. Appellant stated that, on the date in question, Carpenter acted like he did not want to cash her check and took an inordinate amount of time in inspecting the check. Appellant asked Carpenter if he was inspecting her check because she was "black." Appellant stated that she did not throw anything at Carpenter and that the only profanity she used was "damn." Appellant stated that she cried openly when Carpenter refused to cash her check.

In determining whether the error was harmless, we apply the standards set forth in *Harris v. State,* 790 S.W.2d 568 (Tex.Cr.App. 1989). The record reflects that appellant made an opening statement after the State's case-in-chief. Four witnesses testified on behalf of the State. The nature of appellant's defense was apparent from her counsel's voir dire and from the cross-examination of the State's witnesses. Any error that resulted from appellant being denied the opportunity to make her opening statement after the State's opening statement did not prejudice the decision making of the jury, and the jury was able to properly apply the law to the facts to reach its verdict. The present case is factually distinguishable from *Arriaga v. State,* supra. We conclude, beyond a reasonable doubt, that the timing of appellant's opening argument did not contribute to appellant's conviction or punishment. TEX. R.APP.P. 81(b)(2); *Harris v. State,* supra. Appellant's sole point of error is overruled.

The judgments of the trial court are affirmed.

