Tonja Jones TWINE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 1500–96, 1501–96.

Court of Criminal Appeals of Texas,
En Banc.

June 17, 1998.

Steven R. Miears, P.C., Plano, for appellant.

Tom O'Connell, Dist. Atty., Chris Oldner, Julie Breedlove, Asst. Dist. Attys., McKinney, Matthew Paul, State's Atty., Austin, for State.

### OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

A jury found Appellant guilty of criminal trespass and resisting arrest. The jury assessed punishment in the form of a term of confinement and a fine for each offense, but suspended the punishment for both offenses and placed Appellant on community supervision for six months. On appeal to the Eleventh Court of Appeals, Appellant's sole point of error contended that the trial court committed reversible error by denying defense counsel's request to make an opening statement immediately following the State's opening statement. The Court of Appeals agreed

---

the trial court erred, but concluded the error was harmless under Texas Rule of Appellate Procedure 81(b)(2). *Twine v. State*, 929 S.W.2d 685 (Tex.App.—Eastland 1996). We granted review to decide whether the Court of Appeals properly found the error harmless under Rule 81(b)(2).

After careful consideration of Appellant's ground for review and the briefs submitted by the parties, we conclude that Appellant's petition for discretionary review was improvidently granted. Accordingly, Appellant's petition for discretionary review is dismissed.

McCORMICK, P.J., delivered a concurring opinion, joined by MANSFIELD and KELLER, JJ.

MEYERS, J., delivered a concurring opinion.

BAIRD, J., delivered a dissenting opinion.

OVERSTREET, J., dissents.

HOLLAND, J., not participating.

McCORMICK, Presiding Judge, concurring.

I concur to dismissing the petition for discretionary review as improvidently granted. I write to respond to Judge Baird's dissenting opinion.[1]

The error, which the State concedes, in not permitting appellant to make an opening statement after the prosecution's opening statement clearly was harmless. The obvious purpose of Article 36.01(b), V.A.C.C.P., is to communicate to the jury the party's theory of the case in order to aid the jury to evaluate and understand the evidence as it is being presented.

The dissenting opinion neglects to mention that unlike the situation in *Arriaga v. State*, 804 S.W.2d 271 (Tex.App.—San Antonio 1991, pet. ref'd), the nature of appellant's defense was apparent from her lawyer's *voir dire* and from the cross-examination of the prosecution's witnesses. The dissenting opinion also neglects to mention that appellant was permitted to make an opening

statement after the prosecution rested. A meaningful harm analysis can be and was performed.

The dissenting opinion's contention that the error in this case "adversely affected appellant's substantial right to communicate with the jury" is not a harmless error analysis but merely restates the error that occurred in this case. Under this approach, just about any statutory violation would require an automatic reversal. The drafters of Texas Rule of Appellate Procedure 44.1(b)(2) had something else in mind when they drafted the rule. The dissenting opinion's approach to applying Tex.R.App.Proc. 44.1(b)(2) is an attempt to defeat the very purpose for which the rule was enacted.

With these comments, I concur to dismissing the petition for discretionary review as improvidently granted.

KELLER, and MANSFIELD, JJ., join.

MEYERS, Judge, concurring.

Although I join the Court's judgment dismissing this cause, I write separately to explain why Appellant's petition for discretionary review is dismissed as improvidently granted.

We granted Appellant's petition for discretionary review to address its sole ground for review: "The court of appeals erred in holding that the trial court's error in refusing to allow petitioner's counsel to make an opening statement upon request immediately following the opening statement of the prosecutor was harmless error pursuant to Tex.R.App. P. 81(b)(2)."

The revised Texas Rules of Appellate Procedure, effective September 1, 1997, replace the harmless error analysis of Rule 81(b)(2) with Rule 44.2. As this appeal was filed with the court of appeals prior to September 1, 1997, that court applied Rule 81(b)(2).

Because Rule 81(b)(2) is no longer applicable, an opinion from this Court examining the Court of Appeals' application of that rule would be of little benefit to practitioners or

---

1. Were the facts of this case such as Judge Baird would have the reader believe, then there would probably be no cause for his dissent or this concurrence. I write, as I have on other occasions, to illuminate the facts (or the law) in order that the bench and bar will not be misled.

**20**

Texas courts. Further, in my assessment the Court of Appeals correctly applied the analysis required by Rule 81(b)(2). As such, an opinion from this Court examining the Court of Appeal's application of Rule 81(b)(2) would provide neither useful instruction to that court nor relief to Appellant.

While some of the jurisprudence that has developed regarding Rule 81(b)(2) may continue to play a part in appellate analysis of constitutional errors under subsection (a) of the revised rule, as that subsection is substantially identical to Rule 81(b)(2), this case raises a non-constitutional error, implicating subsection (b) of the revised rule.

BAIRD, Judge, dissenting.

Appellant was charged with the offenses of resisting arrest and criminal trespass. At trial, appellant asked to make an opening statement immediately following the State's opening statement. The trial judge denied the request. The Court of Appeals correctly determined the trial judge's denial was error. Tex.Code Crim. Proc. Ann. art. 36.01(b). However, Court concluded the error was harmless under Tex.R.App. P. 81(b)(2). *Twine v. State*, 929 S.W.2d 685, 687 (Tex. App.—Eastland 1996). We granted review to determine the correctness of that conclusion. However, the majority now believes our decision to grant review was improvident. I disagree. Rather than dismiss the petition, I would reach the merits of the ground for review.

**I.**

Under the present rules of appellate procedure, this harm analysis must begin with a determination of whether the denial of the right to make an opening statement is consti-. tutional error. Tex.R.App. P. 44.2.[1] In *Moore v. State*, 868 S.W.2d 787, 789 (Tex.Cr. App.1993), we held the right to make an

1. Rule 44.2 provides:

   (a) *Constitutional Error.* If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt the error did not contribute to the conviction or punishment.

opening statement is a statutory right, not a constitutional right. Therefore, the error in this case involves Tex.R.App. P. 44.2(b). Under the plain language of the rule, reversal is required if the defendant's substantial rights were adversely affected. Therefore, the issue in this case boils down to whether the statutory right to make an opening statement is a substantial right.

It is readily apparent from this court's prior decisions that the right to make an opening statement is a valuable right. *Caraway v. State*, 417 S.W.2d 159, 161 (Tex.Cr. App.1967); *Kennedy v. State*, 150 Tex.Crim. 215, 200 S.W.2d 400, 407 (1947)(Opinion on rehearing); and, *Price v. State*, 167 Tex. Crim. 105, 318 S.W.2d 648 (1958). Clearly, the legislature believes the right of a defendant to make an opening statement is so valuable as to be prescribed by statute. *See,* Tex.Code Crim. Proc. Ann. art. 36.01(b), previously Art. 642, sub 5, C.C.P. Consequently, there is no question but that the right to make an opening statement is a substantial right. Indeed, a holding to the contrary would effectively repeal the statute.

We must remember that counsel has the "right" to speak to the jury on only three occasions: voir dire, opening statement and closing argument. The right to communicate directly with the jury is obviously a very important part of an accused's right to trial by jury. Because the error in the instant case, adversely affected appellant's substantial right to communicate with the jury reversal is required.[2]

**II.**

One could argue that we applied Rule 44.2(b) in a different fashion in *King v. State*, 953 S.W.2d 266, 271 (Tex.Cr.App.1997), where we stated: "A substantial right is affected when the error had a substantial and injurious effect or influence in determining

   (b) *Other Errors.* Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.

2. For additional comments concerning the value of making an opening statement, I refer the reader to the concurring opinion of Justice Yates in *McGowen v. State*, 944 S.W.2d 481, 486 (Tex. App.—Houston [First Dist.] 1997).

the juror's verdict." *See also O'Neal v. McAninch*, 513 U.S. 432, 115 S.Ct. 992, 995, 130 L.Ed.2d 947 (1995). However, one must remember that *King* dealt with the improper admission of evidence whereas the instant case deals with denial of the right to make an opening statement.

The ability to perform a meaningful harm analysis under any standard depends upon whether the record provides enough information for the reviewing court to gauge the effect of the error. An opening statement that is not timely made is obviously not in the record. Consequently, there is nothing for the appellate court to examine. A harm analysis in this case would be nothing more than rank speculation; there is no way to determine the impact of an opening statement that was never given.

The error in the instant case is akin to the denial of the right to counsel. The denial of the opening statement hampers counsel's ability to present a competing view of the facts for the jury to weigh when receiving evidence. Both the Supreme Court and this Court have consistently held such errors are not subject to a harm analysis. *See Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978) (conflict of interest in representation throughout entire proceeding); *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) (total depri-

vation of counsel throughout entire proceeding); *White v. Maryland*, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963) (absence of counsel from arraignment proceeding that affected entire trial because defenses not asserted were irretrievably lost); *Herring v. New York*, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975) (denial of defense counsel's right to jury argument is a denial of right to counsel); *and, McCarter v. State*, 837 S.W.2d 117 (Tex.Cr.App.1992) (improper limit on defense counsel's right to conduct voir dire held a denial of right to counsel and not subject to harm analysis).

Consequently, part I of this opinion is not in conflict with the harm analysis performed in *King, supra.*

## III.

I would use this case to apply Rule 44.2(b) and hold that any non-constitutional error which adversely affects the substantial rights of the accused is reversible error.[3] Because the majority does not so hold, I dissent to the decision to dismiss this petition for discretionary review.

---

**3.** Judge McCormick offers the bench and bar a concurring opinion "to respond to" this dissent. *Ante* at 19. To my count this is the third time in less than six months he has felt obliged to "respond" to one of my dissents. *See McGinn v. State*, 961 S.W.2d 161, 170 (1998); *and, Ex parte Davis*, 957 S.W.2d 9, 15 (Tex.Cr.App.1997).

His disagreement stems from my rationale that any non-constitutional error which adversely affects the substantial rights of the accused is reversible error. This rationale is based upon the literal text of rule 44.2(b). I have long insisted that we should interpret our rules consistent with *Boykin v. State*, 818 S.W.2d 782 (Tex.Cr.App. 1991). For example in *Ludwig v. State*, I stated: "[T]he reader should be able to rely on the literal text of the rule and not be forced to resort to extratextual factors unless the rule's plain language is unambiguous or would lead to an absurd consequences." 931 S.W.2d 239, 244 (Tex. Cr.App.1996)(Baird, J., concurring).

Judge McCormick states: "Under this approach, just about any statutory violation would require an automatic reversal." *Ante* at 19. But

the reader should ask two questions: First, does my approach reflect the literal text of the rule? I believe the answer is yes. And, second, would reversing the conviction due to a statutory violation that affected the *substantial* rights of the accused be an absurd consequence? Certainly not. Indeed, as noted above, to hold otherwise would effectively repeal the statute which was violated and thwart the Legislature's constitutional authority over judicial administration. *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 240 (Tex.Cr.App.1990). While Judge McCormick is more than willing to do so, I am not.

Finally, in footnote 1 of his concurring opinion, Judge McCormick states he writes to prevent the bench and bar from being misled. Of course, this opinion cannot be read to mislead anyone, especially when the facts of this case are set out in the Court of Appeals opinion which is cited in the first paragraph of this opinion. Moreover, I find it interesting that a man who is willing to wholesale adopt a court of appeals opinion as his own, *Moosani v. State*, 914 S.W.2d 569 (Tex.Cr. App.1995), would criticize me for properly citing an opinion and not restating the facts.